IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-00938-JLK**

**JAMES P. TENNILLE, on behalf of himself and all others similarly situated,**

 Plaintiff,

v.

**THE WESTERN UNION COMPANY, a Delaware Corporation,**

Defendant.

---

### ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

Kane, J.

 Having carefully reviewed Defendant's Motion to Dismiss Complaint for Failure to State a Claim (Doc.7) and related briefing, I GRANT the Motion and DISMISS Plaintiff's Complaint without prejudice to its being refiled, if appropriate, under a pleading standard consistent with *Ashcroft v. Iqbal,* __ U.S. __, 129 S.Ct. 1937 (2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief. "

*Id.* __ U.S. at __. 129 S.Ct. at 1949 -1950 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)). Plaintiff's Complaint, as currently pled, fails under this standard to articulate a viable claim for relief.

Given the focus in Defendant's Motion to Dismiss on choice of law issues, moreover, the parties are advised of two important recent Tenth Circuit Court of Appeals decisions interpreting Colorado's choice of law rules in federal diversity cases. *See Boone v. MVM, Inc.*, 572 F.3d 809 (10th Cir. 2009) *and U.S. Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd.*, __ F.3d __, 2009 WL 2915069 (10th Cir. Aug. 26, 2009). Counsel should familiarize themselves with the holdings and reasoning in both cases before filing any additional materials on choice of law issues in this case.

Based on the foregoing, Plaintiff's Class Action Complaint (Doc. 1) filed April 23, 2009, is DISMISSED without prejudice. Plaintiff shall have 30 days in which to file an Amended Complaint or, in lieu of an Amended Complaint, a Status Report.

Dated:  September 21, 2009.                          **s/John L. Kane**
                                                     SENIOR U.S. DISTRICT JUDGE