IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-00938-JLK** (consolidated with 10-cv-765-JLK)

**JAMES P. TENNILLE, on behalf of himself and all others similarly situated,**

    Plaintiff,

v.

**THE WESTERN UNION COMPANY, a Delaware corporation,**

Defendant.

---

Civil Action No. **10-cv-765-JLK**

**ROBERT P. SMET, individually and on behalf of all others similarly situated,**

    Plaintiff,

v.

**THE WESTERN UNION COMPANY, a Delaware corporation,**

    Defendant.

THIS ORDER RELATES TO BOTH ACTIONS.

---

**ORDER DENYING MOTION TO DISMISS IN PART AND FOR SCHEDULING CONFERENCE**

---

Kane, J.

These consolidated putative consumer class actions are before me on a comprehensive Motion to Dismiss filed by Defendant The Western Union Company ("Western Union"). The Motion (Doc. 25) applies to Plaintiffs' claims in both of these

consolidated actions, and subsumes the original Motion to Dismiss (Doc. 16), filed in 09-cv-938 alone. Upon consideration of Western Union's Motion and in keeping with my Preliminary Order issued on on May 5, 2010 (Doc. 24), I DENY the Motion with regard to Plaintiffs' claims for unjust enrichment and/or conversion and order both cases set for a Pretrial/Scheduling Conference to be held in accordance with Fed. R. Civ. P. 16 and D.C.COLO.LCiv.R 16.1. While I remain inclined to dismiss Plaintiffs' individual fraud claims, I invite oral argument on that issue, which I will hear at the scheduling conference.

## DISCUSSION.

As previously introduced, Plaintiffs James Tennille and Robert Smet assert claims for conversion, unjust enrichment and consumer fraud against Western Union on behalf of the same nation-wide class of wire transfer customers, or various state subsets thereof. Plaintiffs' allegations center on Western Union's practice of failing to notify customers when their attempted wire transfers fail or go unclaimed, and holding those funds in interest-bearing accounts, sometimes for years, until individual state unclaimed property laws trigger a notification obligation. Western Union then attempts to return customers' unclaimed deposit, but keeps the accrued interest for itself. Plaintiffs contend the failure to notify customers that their deposits are unclaimed is fraudulent, and the retention of interest that is properly customers', not Western Union's, is wrongful and subjects Western Union to equitable or quasi-equitable claims for conversion and unjust enrichment.

In my May 5 Order, I determined I had subject matter jurisdiction over the putative class actions under 28 U.S.C. § 1332(d)(2) and *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir.2003), but warned Plaintiffs that the issue may be revisited if, at any stage of this litigation, it appears Plaintiffs' claims are determined not to be maintainable as a class action. I also rejected Western Union's blanket affirmative defense of "immunity" from suit, premised on a theory that its practices are privileged under existing state unclaimed property laws, expressed doubt as to the viability of Western Union's statute of limitations defenses, and observed that the complex choice of law issues presented in the maintenance of Plaintiffs' claims as a class action were not amenable to resolution at the pleading stage. Preliminary Order (Doc. 24) at 7, 8, & 10. I now issue the following dispositive ruling on Plaintiffs' conversion and unjust enrichment claims.

*Legal Standard.*

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are unnecessary – the statement need only "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. *Id.* at 94. That said, a plaintiff's obligation to provide the grounds of his

entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*  As the Tenth Circuit articulates it, the *Twombly* plausibility standard means that "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis original).

### *Plaintiffs' Claims.*

The parties disagree as to which state's laws should apply to Plaintiffs' claims in these cases.  As I have previously stated, the choice of law issues are complex.  Colorado's choice-of-law rules apply, *see Anderson v. Commerce Const. Servs.*, 531 F.3d 1190, 1193 (10th Cir.2008), and under these rules, the state having "the most significant relationship to the occurrence and the parties" will supply the law.  Restatement (Second) of Conflict of Laws § 145(1) (1971).  What state bears the most significant relationship is, however, not easy to ascertain.  Western Union holds and transfers money electronically, from bank to bank, and held funds do not reside in any particular place in a physical way.  Western Union's actions in failing to disclose the fact that funds have gone unclaimed "originate," according to Plaintiffs, in Missouri, but are "directed at," and "cause injury to," customers, according to Western Union, in the individual states where they reside.  Western Union conducts business in every state and throughout the world.  It is headquartered in Colorado, where Plaintiffs chose to file suit.

Plaintiffs argue that Missouri or, in the alternative, Colorado law applies to their claims. Defendants, contend the law of the states where individual customers seek out Western Union's services (Alabama, for Mr. Tennille and Illinois, for Mr. Smet) applies. Because the result is the same under each of these four states' laws, however, I do not resolve the conflict of law issue at this stage of the proceedings.

### 1. Unjust Enrichment.

In support of their claims for unjust enrichment, Plaintiffs allege Western Union accrued interest on moneys belonging to Plaintiffs, during the entire period of time Western Union held those moneys without informing Plaintiffs they remained unclaimed, under circumstances where retaining that interest for itself rather than returning it to Plaintiffs was unfair, inequitable, and unjust. As the Supreme Court has long recognized, a claim that a defendant holds money, "which ex aequo et bono belongs to the plaintiff" is less restricted and fettered by technical rules and formalities and approaches nearer to a bill in equity "than any other common law action." *U.S. v. Jefferson Elec. Mfg. Co.*, 291 U.S. 386, 402-03 (1934)(citing cases).

In Colorado, a claim for unjust enrichment is established by proving the following: "(1) defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation." *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 1994) (citing *DCB Constr. Co., Inc.*, 965 P.2d at 119-120). The essence of the claim is the retention of a benefit under circumstances where it would be unjust not to return it, which principle is equally reflected in the law of Missouri, Illinois, and Alabama. *See Lucent Techs., Inc. v. Mid-West Elecs., Inc.*, 49 S.W.3d 236, 241 (Mo. Ct. App.

2001)(cause of action in Missouri stated by alleging (1) benefit conferred by one party on another, (2) appreciation or recognition by the receiving party of the fact that what was conferred was a benefit, and (3) acceptance and retention of the benefit under circumstances that would make that retention inequitable); *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989)(to state a cause of action for unjust enrichment under Illinois law, plaintiff must allege that defendant has "unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience"); and *Jewett v. Boihem* , 23 So. 3d 658, 661 (Ala. 2009)(an action for unjust enrichment/money had and received "is founded upon the equitable principle that no one ought justly to enrich himself at the expense of another, and is maintainable in all cases where one has received money under such circumstances that in equity and good conscience he ought not to retain because in justness and fairness it belongs to another")(quoting Jenelle M. Marsh & Charles W. Gamble, *Alabama Law of Damages* § 34:2 (5th ed. 2004)).

Western Union contends this theory of relief is unavailable to Plaintiffs because their relationship is governed by an express contract, which under any of the applicable states' law bars recovery under the doctrine of unjust enrichment.  Mot. Dismiss (Doc. 25) at 7-8.  Plaintiffs deny there was any express contract governing their relationship and certainly no express agreement concerning Western Union's right hold and leverage the time value of the money they deposited for transfer indefinitely.  Even if Western Union's obligation to accept and transfer a customer's money in accordance with his wishes was

in an express agreement, Plaintiffs deny such an agreement would preclude their recovery based on the facts alleged. I agree.

While it is true that neither equity nor tort law provides a means for shifting risk one has assumed under contract, that maxim does not prevent recovery where the wrong alleged falls outside or exists independently of that contract. This is true in all four of the subject states, and precludes the dismissal of Plaintiffs' claims for unjust enrichment. *See Lawry v. Palm*, 192 P.3d 550, 563-64 (Colo. App. 2003)(if the elements of unjust enrichment are established, a plaintiff may be entitled to relief even in the face of a contractual relationship to force the return of property that in equity and good conscience does not belong to the person who holds it); *Childress Painting and Assocs. Inc. v. Hamons Hotels Two LP*, 106 S.W.3d 558, 562-63 (Mo. App. 2003)(unjust enrichment is a theory of recovery under the doctrine of quasi-contract, and contractual provisions such as an indemnification clause will not constitute a defense to such claim if the elements of the claim in equity otherwise exist), *c.f. Howard v. Turnbull*, 316 S.W.3d 431, 438 (Mo. App. 2010)(an agreement voluntarily entered into, with known risks and with the expectation of a profit, cannot be compensated for via a claim for unjust enrichment); *Utility Audit, Inc. v. Horace Mann Serv Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004)(a party may bring a claim for unjust enrichment even if its relationship with the other party is governed by a contract if the claim falls outside the contract)(Illinois law); *Hendrix Mohr & Yardley, Inc. v. City of Daphne*, 359 S. 2d 792, 796 (Ala. 1978)(while Alabama law generally bars unjust enrichment claims where there is an express contract governing

the conduct at issue, recovery in equity under an implied or quasi-contract is recognized where the existence of an express contract is not proven or where the other party has prevented its performance).  Here, where the terms and import of any express contract between the parties is in dispute, Plaintiffs' claims for unjust enrichment are not barred under any of the applicable states' common law.

Alternatively, Western Union argues Plaintiffs' unjust enrichment claims are barred by applicable statutes of limitations in each of the subject states.  I disagree.  Plaintiffs' alleged injuries were continuously accruing as long as Western Union retained their deposited funds without notifying them they remained unclaimed.  Because Western Union continued to generate and retain interest on Plaintiffs' unclaimed funds until such time as they notified Plaintiffs that their deposits had not been redeemed, Plaintiffs' claims did not accrue for statute of limitations purposes until then.  Because Plaintiffs' Complaints were filed within the earliest period asserted by Western Union to be applicable in this case (3 years), I reject Western Union's argument that Plaintiffs' unjust enrichment claims are time-barred or that Plaintiffs sat on their right to demand the return of their unclaimed deposits so long that they are barred by the doctrine of laches from seeking compensation for the time value of those deposits.

Accordingly, Plaintiffs' allegations that Western Union accrued, retained, and failed to return the interest it earned on Plaintiffs' unclaimed deposits over the period of years it held them state a valid claim for unjust enrichment under the law of Colorado, Missouri, Illinois, and Alabama.  Defendants' Motions to Dismiss Plaintiffs' unjust enrichment

claims are DENIED.

## 2. Conversion Claims.

Plaintiffs also assert claims for conversion arising out of Western Union's retention of their deposited funds and the interest accrued thereon for five or more years until providing notice for their return. While the parties expend considerable effort parsing the elements of a claim for conversion under the subject states' law, the essence of Plaintiffs' conversion claim is the same as their claim for unjust enrichment: By holding customers' unclaimed deposits, sometimes for years, while those deposits accrued interest, and then failing to return that interest or an amount compensating Plaintiffs for the lost time-value of their deposits, Western Union exercised dominion over, and benefitted at Plaintiffs' expense by holding, moneys that belonged to Plaintiffs, not Western Union, which in equity and justice should be returned to them. Because Plaintiffs acknowledge Western Union returned the deposit principle, the essential harm alleged is the wrongful retention, and failure to return and/or the conversion of, the interest earned on that principle. The remedy for the alleged conversion, as with the unjust enrichment claim, is for restitution or disgorgement. Viewed this way, Plaintiffs' unjust enrichment and conversion claims are substantively the same, and are simply pled in the alternative. Because Plaintiffs' unjust enrichment claims survive dismissal under a Rule 12(b)(6) standard, so do their claims for conversion.

Western Union's Motion to Dismiss Plaintiffs' conversion claims focuses on alleged technical pleading failures, such as the failure to demand a return of the moneys held. While this may be relevant to Defendants' retention, for a period of years, of the deposit principle (the parties agree Plaintiffs were entitled to a return of their unclaimed deposits upon request, but

never asked), it has no application to the interest accrued on that principle. If a technical "demand and refusal" is necessary to state a claim for conversion of that interest, then the filing of these lawsuits clearly satisfies this requirement. To the extent Plaintiffs have pled a completed conversion – i.e. that Western Union accrued interest on Plaintiffs' unclaimed deposits while it was holding them and converted that money to its own use without any express contractual right to do so – pleading demand and refusal serves no logical function and is unnecessary.

## CONCLUSION.

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 25) is DENIED to the extent it seeks the dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), of Plaintiffs' equitable claims for unjust enrichment and/or conversion. Defendant's Motion to Dismiss Plaintiffs' fraud claims is held in abeyance, and will be set for oral argument by separate Minute Order coincidentally with a Rule 16 Scheduling Conference. The earlier-filed Motion to Dismiss (Doc. 16), having been subsumed by Document 25, is DENIED as MOOT. The parties are specifically directed to confer in good faith regarding the principles set forth in Fed. R. Civ. P. 16(a) and (c)(2), and draft their proposed Scheduling Order accordingly. Specific consideration should be given to resolving this case short of protracted litigation based on the rulings issued to date.

Dated November 8, 2010.                                **s/John L. Kane**
                                                       SENIOR U.S. DISTRICT JUDGE