**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge John L. Kane**

Civil Action No. 09-cv-938-JLK (consolidated with 10-cv-675-JLK)

**JAMES P. TENNILLE**, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

**THE WESTERN UNION COMPANY**, a Delaware corporation,

        Defendant.

---

Civil Action No. 10-cv-675-JLK

**ROBERT P. SMET**, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

**THE WESTERN UNION COMPANY**, a Delaware corporation,

        Defendant.

**This filing relates to BOTH CASES**

---

**STIPULATED SCHEDULING AND DISCOVERY ORDER**

---

**1.  DATE OF CONFERENCE**

The parties held the Scheduling and Discovery Conference on February 4, 2011.

**2.  STATEMENT OF CLAIMS AND DEFENSES**

    a.     Plaintiffs' statement:

This case is about Defendant's inequitable, unfair and fraudulent conduct concerning its practice of holding funds it has failed to transfer without notifying the sender/owner of the funds, *for years,* of the uncompleted transfer, all the while keeping the interest the funds earn Western

Union while it wrongly holds them.  Named Plaintiffs contracted with Western Union to transfer funds, and to that end provided the funds to Western Union along with their contact information and the intended recipient's contact information.  For whatever reason, Western Union failed to complete the transfer.[1]  In spite of knowing (almost immediately) that the funds transfer had failed, Western Union did not contact Plaintiffs and proposed class until years after the transfer failed.

This case is thus about Western Union's failure to timely inform Plaintiffs that the funds transfer had failed, and to return the money to them.  Instead, Western Union retained the funds for as long as six years – until state unclaimed property statutes required Defendant to escheat the money to the state.  At that point in time, and only at that point in time, Western Union sent notice to Plaintiffs that it was holding the funds and that the funds should be claimed by a date certain or lose the funds to the state by escheat.  When Plaintiffs claimed the funds, not only did Western Union keep all interest it had earned on the funds, but in addition Western Union assessed Plaintiffs/class a fee for having held the funds after the transfer failed, and tendered this lowered amount to Plaintiffs.  Western Union's conduct is not isolated to Plaintiffs.  Western Union's own securities filings indicate that at any given time there is over $100 million in such failed wire transfer funds in its possession.

Defendant's conduct is a violation of several statutes and duties including fiduciary and bailment laws, as well as state consumer fraud statutes and constitutes common law conversion and unjust enrichment.  Plaintiffs seek damages on behalf of themselves and the class in the form of the funds placed with Western Union for which transfer had failed, interest earned on the money while held by Western Union and the return of fees Defendant kept when it ultimately returned (part of) the money.  In addition, Plaintiffs seeks injunctive relief which will require Western Union to make timely efforts going forward to notify its customers that a transfer has failed, and to return all such failed transfer funds in its possession shortly after determining that a funds transfer had failed.  Plaintiffs also seek their fees and costs under fee shifting provisions of the applicable state statutes.

    b.    Defendant(s)' statement:

The Western Union Company advised Plaintiffs that The Western Union Company does not provide money transfer services.  Instead, Western Union Financial Services, Inc. (WUFSI) provides money transfer services in the United States and is a licensed money transmitter pursuant to applicable states laws.  The parties are currently discussing a means by which Plaintiffs will be able to amend their complaints to remove The Western Union Company and add WUFSI as the named Defendant.

Plaintiffs voluntarily entered into different contracts with WUFSI.  WUFSI has at all times complied with all obligations and duties arising from the parties' differing contractual relationships as well as all applicable laws.  Plaintiffs voluntarily provided funds to WUFSI for transfer pursuant to contracts with WUFSI.  Plaintiffs have not identified any authority requiring WUFSI to notify Plaintiffs that their money transfers had not been redeemed.  Plaintiffs admit that it was not WUFSI's fault that Plaintiffs' money transfers were not redeemed.  Plaintiffs either knew that the money transfer funds had not been redeemed or failed to exercise reasonable

---

[1] This case is not about the failure on Western Union's part to transfer the funds.

diligence in either determining the status of their money transfers or seeking refunds.  As required by applicable state unclaimed property law, WUFSI notified Plaintiffs when their unredeemed money transfer funds were subject to escheatment.  Plaintiff Tennille has never demanded that his money transfer funds be returned to him.  Plaintiff Smet did not request that his money transfer funds be returned to him until six years had passed.  Once Smet requested return of his money transfer funds, his funds were returned.  WUFSI charged Smet an administrative fee for holding his money transfer funds for more than one year, as disclosed, permitted and explained in Smet's contract with WUFSI.  WUFSI has not concealed any information from Plaintiffs regarding the status of their money transfers, including any of the above information.  Plaintiffs have no cognizable claim against The Western Union Company or WUFSI and are not entitled to injunctive relief, damages, fees, costs or other expenses.  Plaintiffs have in no way been damaged, but if they have, it is through no fault of The Western Union Company or WUFSI.

     c.     Other parties' statement:

Not applicable.

## 3.  UNDISPUTED FACTS

The following facts are undisputed:

     a.     A Western Union entity transfers money to recipients on behalf of senders.

     b.     Interest is earned on money transfer funds that are not completed/received/redeemed.

     c.     The amount of interest earned since 2006 is sufficient to meet the amount-in-controversy requirements of the Class Action Fairness act.

## 4.  COMPUTATION OF DAMAGES

Plaintiffs' Statement: Plaintiffs and members of the putative class deposited with Western Union funds expecting transfer of those funds to designated recipients, which funds were never transferred, nor notice of the failed transfer provided.  Plaintiffs seek, on behalf of themselves and the putative class, all actual, compensatory, incidental, consequential and exemplary damages, as well as injunctive relief, including restitution and disgorgement, and including  payment into a fund of all failed transfer funds left unclaimed after notice by Western Union and thereafter transferred by Western Union to any state unclaimed property or escheat fund as unclaimed property; interest earned on those funds, and all fees charged by Western Union for holding the funds, along with any other relief to which they are entitled to the full extent permitted by applicable law.  Plaintiffs will provide a more definitive statement of damages at the appropriate time and following discovery, including of Defendant's financial records.  Plaintiffs and the putative class also seek (to the extent permitted by law) reimbursement for attorneys' fees, expert witness fees, court costs, and all other reasonable expenses incurred in this litigation.  Plaintiffs and the Class also seek to have Defendant pay the cost of notice and other class claims administration expenses.

Defendant's Statement: Plaintiffs and putative class members are not entitled to injunctive, monetary or any other type of relief from The Western Union Company or WUFSI.

## 5.   REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R.Civ. P. 26(f)

a.      Date of Rule 26(f) meeting:  January 11, 2011.

b.      Names of each participant and each party represented:

Richard J. Burke – Plaintiffs James P. Tennille and Robert P. Smet
Paul M. Weiss – Plaintiffs James P. Tennille and Robert P. Smet
Grant Y. Lee – Plaintiffs James P. Tennille and Robert P. Smet
Seth A. Katz – Plaintiffs James P. Tennille and Robert P. Smet
Daniel E. McKenzie – Plaintiffs James P. Tennille and Robert P. Smet
Jim S. Calton, Jr. – Plaintiffs James P. Tennille and Robert P. Smet
Jason A. Yurasek – Defendant The Western Union Company
Shylah R. Alfonso – Defendant The Western Union Company

c.      Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1):

None.

d.      Statement as to when Rule 26(a)(1) disclosures were made or will be made:

Rule 26(a)(1) disclosures were exchanged on January 25, 2011.

e.      Statement concerning any agreements to conduct informal discovery:

The parties agreed to conduct informal discovery through the production of certain financial documents by Western Union.  The parties also entered into a protective order to cover the confidentiality of the documents exchanged through informal discovery.

f.      Statement concerning any agreements or proposals regarding electronic discovery:

The parties agree that electronic discovery will be necessary in this case.  The parties will attempt to limit the scope and costs of electronic discovery through the use of specific topics/subject areas and targeted custodians and timeframes.  Forensic copies of electronic data should not be required; and the parties will attempt to limit requests to data that is reasonably accessible.

g.      Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:

Not applicable.

h.   Statement regarding use of the unified exhibit numbering system: *Parties are required, to use the unified exhibit numbering system. A unified exhibit numbering system means that each exhibit is given only one Arabic number throughout the litigation and that number is used no matter who presents or offers it. If counsel wish to learn more about this system, upon request, I will provide further explanation and the names of attorneys who have used it to their satisfaction.*

i.   Each party shall set forth its anticipated costs of conducting this litigation, itemizing costs including travel and attorney fees for taking depositions, paralegal expenses, costs of preparations, costs of drafting written discovery, anticipated motions and costs of complying with discovery requests.

Anticipated costs of conducting this litigation, which cannot be estimated at this time, will depend upon the Court's rulings with respect to the remaining portions of defendant's motions to dismiss and plaintiffs' anticipated class-certification motion.

## 6. CASE PLAN AND SCHEDULE

The plan and schedule must include the following items:

**a.**   **Deadline for Joinder of Parties:**   February 25, 2011.

**b.**   **Deadline to Amend Pleadings:**   February 25, 2011.

**c.**   **Discovery Cut-off:**

(1)   Class Certification (Rule 23) Discovery Cut-off:   October 15, 2011

(2)   All Expert and Fact Discovery Cut-off:

The parties believe that it would be more efficient to determine this deadline after the Court's ruling on Plaintiffs' anticipated Class Certification motion.

**d.**    **Rule 23 Motion, Plaintiffs' Deadline**:   November 3, 2011.

**e.**   **Dispositive Motion Deadline:**

The parties believe that it would be more efficient to determine this deadline after the Court's ruling on Plaintiffs' anticipated Class Certification motion.

**f.**   **Expert Witness Disclosure**

(1)   Statement regarding anticipated fields of expert testimony, if any:

Plaintiffs anticipate expert testimony that will revolve around the two related concepts of "notice" and "mobility" and a "damages" expert. Mobility deals with how often people move and how likely it is to contact someone at their last known address after various increments of time pass. Notice deals with best practices to update a person's contact information to improve the likelihood of contacting that person at his/her current address. The damages expert will assess and quantify damages to named Plaintiffs and the Class.

WUFSI anticipates expert testimony regarding damages. WUFSI also may offer expert testimony regarding the money transfer industry, permissible investments, fees charged for money transfer services, money transfer consumers and rebuttal to Plaintiffs' expert testimony.

> (2)     Statement regarding any limitations proposed on the use or number of expert witnesses:

At this time the parties have not set a limit on the use or number of experts, but are cognizant of their joint goal of minimizing litigation costs. Thus, the parties have agreed that experts only shall be used if integral to the claims of the case and if it will advance the litigation toward a more efficient resolution.

> (3)     The parties shall designate all Fed. R. Civ. P. 23 experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 5, 2011.

> (4)     The parties shall designate all Fed. R. Civ. P. 23 rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 5, 2011.

> (5)     All designations of Fed. R. Civ. P. 23 experts shall include a statement describing the methodology to be used by the particular expert. Daubert/Kumho Tire motions challenging any proposed methodology may be considered before the expert is deposed. Such a motion does not preclude the filing of any subsequent motions. The aim is to cut off faulty methodology before undertaking extensive discovery and may result in amended designation with either a new expert, a revised methodology or both.

> (6)     Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

> (7)     To the extent further expert designations, discovery, and disclosures are required after class certification discovery, the parties believe that it would be more efficient to determine these deadlines after the Court's ruling on Plaintiffs' anticipated Class Certification motion.

**g.      Deposition Schedule**

The parties anticipate that depositions will be taken on the following dates, subject to witness availability:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Robert P. Smet | May 15, 2011 | 9:00 am | 7 hours |
| James P. Tennille | June 1, 2011 | 9:00 am | 7 hours |
| Other proposed class representatives | _____, 2011 | 9:00 am | 7 hours |
| WUFSI 30(b)(6) Designee[2], [3] | June 15, 2011 | 9:00 am | 7 hours[4] |
| WUFSI 30(b)(6) Designee[5], [6] | June 16, 2011 | 9:00 am | 7 hours[7] |
| WUFSI 30(b)(6) Designee [8], [9] | June 17, 2011 | 9:00 am | 7 hours[10] |
| WUFSI 30(b)(6) Designee [11], [12] | June --, 2011 | 9:00 am | 7 hours[13] |

---

[2]         30(b)(6) designee on matter of examination of Western Union's money transfer process.

[3]         WUFSI reserves the right to identify a single witness for any number of Rule 30(b)(6) deposition topics, which may eliminate the need for additional 30(b)(6) depositions and will not increase the seven hour limit for the Rule 30(b)(6) deposition.

[4]          Plaintiff reserves the right to seek additional time.

[5]         30(b)(6) designee on matter of examination of Western Union's corporate structure and accounting and persons most knowledgeable.

[6]         WUFSI reserves the right to identify a single witness for any number of Rule 30(b)(6) deposition topics, which may eliminate the need for additional 30(b)(6) depositions and will not increase the seven hour limit for the Rule 30(b)(6) deposition.

[7]         Plaintiff reserves the right to seek additional time.

[8]         30(b)(6) designee on matter of examination of Western Union's notification of money transfers not received and compliance with state unclaimed property laws.

[9]         WUFSI reserves the right to identify a single witness for any number of Rule 30(b)(6) deposition topics, which may eliminate the need for additional 30(b)(6) depositions and will not increase the seven hour limit for the Rule 30(b)(6) deposition.

[10]         Plaintiff reserves the right to seek additional time.

[11]         30(b)(6) designee on matter of examination of Western Union's electronic storage programs and protocols concerning unclaimed funds, and document retention.

[12]         WUFSI reserves the right to identify a single witness for any number of Rule 30(b)(6) deposition topics, which may eliminate the need for additional 30(b)(6) depositions and will not increase the seven hour limit for the Rule 30(b)(6) deposition.

| | | | |
|---|---|---|---|
| Fact Witnesses Identified in WUFSI's Documents and 30(b)(6) Testimony | June --, 2011 | 9:00 am | 7 hours |
| Fact witnesses identified in Plaintiffs' or proposed class members documents and testimony | August --, 2011 | 9:00 am | 7 hours |
| Plaintiffs' Expert | _____, 2011 | 9:00 am | 7 hours |
| Defendant's Expert | _____, 2011 | 9:00 am | 7 hours |

**h.      Interrogatory Schedule**

(1)      Initial Sets of Interrogatories: February 15, 2011
(2)      Answers to Initial Sets of Interrogatories: March 17, 2011.  The parties may seek extensions of this deadline depending on the information requested in the interrogatories.

**i.      Schedule for Request for Production of Documents**

(1)      Initial Sets of Requests for Production of Documents: February 15, 2011
(2)      Responses to Initial Sets of Requests for Production of Documents and a rolling production to begin: March 17, 2011.

**j.      Discovery Limitations**

(1)      Any limits any party proposes on the length of any deposition:

None other than those contained in the federal rules.

(2)      Any modifications any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules:

Plaintiffs get 25 interrogatories, not including subparts, to be served upon Defendant(s).

(3)      Any limitations any party proposes on the number of requests for production of documents and/or requests for admissions:

---

[13]      Plaintiff reserves the right to seek additional time.

None other than those contained in the federal rules.

**k.      Other Planning or Discovery Orders**

Not applicable.

## 7.  SETTLEMENT

The parties have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution.  The parties have begun informal settlement discussions on their own and will proceed to engage in further settlement negotiations as additional discovery is obtained.  At this time, a settlement conference before a magistrate judge is not requested. Plaintiffs believe a settlement conference before a magistrate judge or the use of a private mediator is premature until Plaintiffs' expert reports are prepared and/or the parties reach a standstill in negotiations.

## 8.  OTHER SCHEDULING ISSUES

a.      Statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:

Not applicable.

b.      Statement of anticipated motions-to be filed, by whom, estimated time of filing, and any proposed briefing schedule:

(1)      The parties shall designate all Fed. R. Civ. P. 23 experts and provide opposing counsel with such information specified in Fed.R.Civ.P. 26(a)(2) by August 5, 2011.

(2)      The parties shall designate all Fed. R. Civ. P. 23 rebuttal experts and provide opposing counsel with such information specified in Fed.R.Civ.P. 26(a)(2) by September 5, 2011.

(3)      Plaintiffs anticipate filing a motion for class certification, including class expert reports, by November 3, 2011.

(4)      WUFSI will file a response, including class expert reports, on or before November 23, 2011.

(5)      Plaintiff will file a reply, including rebuttal expert reports on or before December 10, 2011.

The parties believe that it would be more efficient to determine the dispositive briefing schedule after the Court has ruled on Plaintiffs' anticipated Class Certification motion.

       c.       Statement whether trial is to the court or jury. If a mixed trial, e.g. declaratory judgment and damages, specify which claims are to tried to a jury and which to the court.

Plaintiffs' Statement.  The trial will be a mixed trial.  The Court should rule upon Plaintiffs' declaratory judgment claim, which seeks a declaration that Defendant should be prohibited from holding onto unredeemed funds owned by the Class for any amount of time longer than 60 days.  A jury shall determine all other triable issues such as Plaintiffs' States Consumer Protection Act, Unjust Enrichment, and Conversion claims.

WUFSI's Statement.  The Court should rule upon all of Plaintiffs' claims because they are all equitable in nature, and thus, Plaintiffs have no right to a jury trial on those claims.

## 9.  AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER

This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon. As stated elsewhere herein, I will almost always grant stipulated motions for extensions of time and changes in deadlines up to and including the signing of a pretrial order. If the parties cannot agree on such extensions, my inclination is, the absence of abuse, to be permissive. On the contrary, I am not permissive or lenient in changing trial dates.

DATED this 4th day of February, 2011

BY THE COURT:

_**s/John L. Kane**_
JOHN L. KANE, Senior Judge
United States District Court

**STIPULATED SCHEDULING AND
DISCOVERY ORDER APPROVED:**

_s/ Seth A. Katz_____

Richard J. Burke
Freed & Weiss LLC
1010 Market Street, Suite 660
St. Louis, MO 63101
(314) 880-7000

Jeffrey A. Leon
Grant Y. Lee
Rebecca E. Duggan
Freed & Weiss LLC
111 West Washington Street, Suite 1331
Chicago, IL 60602
(312) 220-0000

Seth A. Katz
Daniel E. McKenzie
Burg Simpson Eldredge Hersh Jardine PC
40 Inverness Drive East
Denver, CO 80112

Jim S. Calton, Jr.
Calton Legal Services, SP
322 South Eufaula Avenue
Eufaula, AL 36027

**Attorney for Plaintiffs
James P. Tennille and Robert P. Smet**

_s/ Jason A. Yurasek_____

Jason A. Yurasek
Perkins Coie LLP
4 Embarcadero Center, Suite 2400
San Francisco, CA 94111
(415) 344-7000

**Attorney for Defendant
The Western Union Company**