**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**Judge John L. Kane**

Civil Action No. 09-cv-00938-JLK consolidated with No. 10-cv-00765-JLK

**JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DELEON and YAMILET RODRIGUEZ**, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.,**

      Defendants.

___

**PLAINTIFFS' OPPOSITION TO DEFENDANT THE WESTERN UNION COMPANY'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**
___

Plaintiffs James P. Tennille, Robert P. Smet, Adelaida DeLeon, and Yamilet Rodriguez, individually and on behalf of all others similarly situated, through their undersigned counsel, file this Opposition to Defendant The Western Union Company's Motion To Stay Proceedings Pending Appeal and in support thereof state as follows:

**I.     INTRODUCTION**

On November 21, 2011, this Court entered its Order denying Defendant Western Union Financial Services, Inc.'s Motion To Compel Arbitration And To Stay Proceedings Pending Arbitration (Dkt. #139). On November 23, 2011, both Defendants, The Western Union Company ("TWUC") and Western Union Financial Services, Inc. ("WUFSI") filed a Notice of Appeal pursuant to 9 U.S.C. § 16(a)(1) even though TWUC never sought to compel arbitration. (Dkt. # 141). In addition to this Opposition, Plaintiffs are moving to before the Circuit Court to

1

dismiss TWUC's Notice of Appeal for lack of appellate jurisdiction. For the same reason TWUC's appeal should be dismissed, this Court should likewise deny TWUC's Motion to Stay.

TWUC has consistently represented to this Court that it was *not* a party to any arbitration agreement with the Plaintiffs. *See, e.g.*, Defendant Western Union Financial Services Inc.'s Motion To Compel Arbitration and Stay Proceedings ("Motion to Compel") (Dkt #56), pp. 7-14. Conversely, Defendant WUFSI has consistently stated that WUFSI, and only WUFSI, had entered into a written agreement to arbitrate with the Plaintiffs and therefore the only party that could compel arbitration. *See generally* Dkt. #56. Consequently, TWUC did *not* file a motion to compel arbitration; rather, the Motion to Compel only lists "Defendant Western Union Financial Services Inc." as the moving party. The single request for relief made by TWUC in WUFSI's Motion to Compel is in footnote 1, which states: "By the undersigned counsel, Defendant The Western Union Company joins that portion of this motion requesting a stay of proceedings pending arbitration." (Dkt. #56, p. 6).

The footnote request for a stay by TWUC was not explicitly pursuant to 9 USC §§ 3 or 4 nor was it implicitly under those sections because the purported basis for the stay vis-à-vis TWUC reads as follows: "Plaintiffs' claims against The Western Union Company should also be stayed. While The Western Union Company is not a party to the contracts that require arbitration, a stay of the claims against The Western Union Company is proper to prevent inconsistent rulings and promote judicial efficiency." Dkt. #56, p. 24. Thus, at no time did TWUC seek any relief under the Federal Arbitration Act ("FAA") in WUFSI's Motion to Compel; rather, TWUC's request was to have the district court exercise its inherent power to stay the proceedings. Therefore, a stay against TWUC is not warranted in this case because TWUC does not have a valid appeal

## II. ARGUMENT

### A. The Defendants Wrongfully Distort the Court's Findings.

Defendants assert that the Court

> identified a number of grounds for the denial of the motion, including the following conclusions: (a) despite Defendants' cited authorities to the contrary, there is *not* a strong federal policy in favor of arbitration; (b) the money transfer agreements at issue are contracts of adhesion and unenforceable as unconscionable; (c) some of the arbitration provisions contained within the subject money transfer agreements cannot be performed because the identified arbitral forum—the National Arbitration Forum—is no longer available to adjudicate consumer arbitrations; and (d) WUFSI is the alter ego of TWUC, such that TWUC's litigation conduct in this matter is imputed to WUFSI and operates to waive WUFSI's federal right to arbitrate.

Defendants' Motion to Stay Proceedings Pending Appeal (Dkt. #144), pp. 3-4.

As an initial matter, the Defendants' recitation of the Court's findings is distortive. The Court's Order simply states that Defendant WUFSI's motion to compel arbitration and to stay is denied.[1] *See* Dkt. #139. Reduced to essentials, the threshold issue before the Court on that Motion to Compel was whether Defendant WUFSI had met the burden to establish that; (1) an arbitration agreement existed between itself and the Plaintiffs; and, then (2) whether the agreement was an agreement to submit the particular dispute to arbitration. As the Court clearly pointed out, by its Order and in its discussion on the record, WUFSI failed to establish that any agreement to arbitrate existed between itself and the Plaintiffs.

The record supports this conclusion in numerous respects. *WUFSI itself admitted* on numerous occasions that the Money Transfer Agreement ("Agreement") was *not* an agreement

---

[1] In fact, to the extent that TWUC did move for a stay pursuant to the Court's inherent authority, it is unclear whether the Court denied TWUC's "motion". If there was no order to appeal from, TWUC would have no basis for an appeal or for its Motion to Stay. At most, TWUC's request for a stay was contingent on the Court granting WUFSI's Motion to Compel Arbitration thereby staying this action vis-à-vis WUFSI; however, because WUFSI's Motion to Compel was denied, TWUC's requested stay is moot.

between WUFSI and the Plaintiffs to arbitrate; in fact, WUFSI is not identified as a contracting party in the Agreement. Irrespective of the Court's observations on the record, the substantial record before the Court provides ample support for the Court's holding that WUFSI failed to establish the threshold requirement for a motion to compel arbitration - proving the existence of an agreement to arbitrate between itself and the Plaintiffs.

To assert, as the Defendants do here and before the Tenth Circuit, that this Court ignored federal and Supreme Court precedent is demonstrably false. There is no evidence to support the Defendants' claim that this Court acted contrary to "Defendants' cited authorities" regarding a federal policy favoring arbitration. Dkt. #144, p. 3. Observing that the bloom has come off the rose of arbitration is hardly novel, more importantly is far short of concluding that relevant precedent has been ignored. Moreover, the underlying federal policy of the FAA is that the parties are free to contract with whom they choose and on the matters they choose. *See, e.g.*, *Vescent, Inc. v. Prosun Int'l, LLC*, No. 10-cv-01103, 2010 WL 4658862, at *1-2 (D. Colo. Nov. 9, 2010) ("The existence of an agreement to arbitrate is simply a matter of contract between the parties; arbitration is a way to resolve those disputes-but only those disputes-that the parties have agreed to submit to arbitration.") (citation and quotation omitted). There is no federal policy, strong or otherwise, to manufacture an agreement to arbitrate that the parties themselves did not make. *See, e.g.*, *Daugherty v. Encana Oil & Gas (USA), Inc.*, 10-CV-02272, 2011 WL 2791338, at *3 (D. Colo. July 15, 2011) ("When the dispute is whether there is a valid and enforceable arbitration agreement in the first place, the presumption of arbitrability falls away.") (citations and quotation omitted). WUFSI's failure to prove the existence of an agreement to arbitrate with the Plaintiffs hardly runs afoul of any federal policy.

Nor did the Court make any finding of unconscionability. The question of unconscionability only arises within the context of an agreement having been made. Here the Court found no agreement. More to the point, Colorado law on the unconscionability of class action waivers differed from the *per se* law of California found to be pre-empted in *Concepcion v. ATT*, and cases within this District have so held. *See Bonanno v. Quizno's Franchise Co., LLC*, 06-CV-02358, 2009 WL 1068744 (D. Colo. Apr. 20, 2009) (in denying a motion for class certification, the court held that a class action bar in a franchise agreement was not unconscionable under Colorado law). Whether or not the Money Transfer Agreement was or was not unconscionable is an issue, the resolution of which is unnecessary to the Court's holding.

Regarding the claim that the Motion to Compel failed because of the impossibility of arbitration in the designated forum (*i.e.* the NAF), WUFSI argued that the NAF was not integral to the arbitration clause and that the FAA provides for alternative arbitrators. Setting aside for the moment that WUFSI had no agreement to arbitrate in the first place, WUFSI ignores its own conduct. It was Western Union, not the claimants, who took the position that it would not arbitrate consumer claims because the NAF was integral to the arbitration clause. *See* Plaintiffs' Response in Opposition to Defendant Western Union Financial Services, Inc.'s Motion to Compel Arbitration and Stay Proceedings Pending Arbitration (Dkt. #112), pp. 18-19. Various documents filed by Western Union with the NAF established Western Union's claim that arbitration could not proceed before the NAF, *because* the NAF was integral. As a consequence WUFSI cannot be heard now to claim that the NAF was not integral merely because it is inconvenient to their position before this Court.

Finally, there is the purported basis of denial of alter ego. The Motion to Compel asserted that WUFSI, and only WUFSI, was the signatory to the agreement to arbitrate. Absent WUFSI's proof of this fact, the Motion to Compel must be denied. WUFSI produced nothing to support the factual claim that it was a signatory to any agreement to arbitrate, let alone an agreement with the Plaintiffs. In fact, WUFSI itself, when deposed, admitted that it could not interpret the Money Transfer Agreement as an agreement between WUFSI and the Plaintiffs to arbitrate. *See* Dkt. #112, pp. 8-9. In addition, the Agreement does not state it is an agreement with WUFSI; WUFSI was not a signatory to the Agreement; and WUFSI is not identified in the Agreement as a party to it. To the contrary, the evidence was clear that WUFSI, for all practical purposes, was nothing other than a shell entity that had no employees, conducted no business, made no decisions, and appeared to be no more than a stamp used by other TWUC companies to effectuate their purposes. Nevertheless, either WUFSI established that it had an agreement to arbitrate or it did not. Obviously, the Court held that it did not. The record before the Court established Western Union's abuse of the corporate form.

Therefore, there is no basis for Defendants' assertion that the Court erred in denying WUFSI's Motion to Compel Arbitration.

### B. TWUC Has Failed To Establish Entitlement To A Stay.

Moreover, an analysis of the factors courts consider in determining whether to grant a stay, clearly demonstrate that TWUC is not entitled to a stay at this time. "The factors to be considered by a court in determining whether to grant a stay pending appeal are well established. They are (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and

(4) the effect of granting the stay upon the public interest." *In Re Lang*, 414 F.3d 1191, 1202 (10th Cir. 2005).

TWUC has not established any likelihood of success on the merits of its appeal. First, Plaintiffs are moving to dismiss TWUC's appeal for lack of appellate jurisdiction. In addition, TWUC raises no issues on appeal "going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *FTC v. Mainstream Marketing Services, Inc.*, 345 F.3d 850, 853 (10th Cir. 2003) (citations omitted). TWUC will not be harmed because it has stated that it has no right of arbitration against the Plaintiffs and therefore no injury occurs if Plaintiffs' claims against it proceed as they should in this litigation. Whatever injury TWUC can concoct at this point will certainly not be irreparable. Nor is any harm done to WUFSI because it may proceed with its appeal irrespective of the prosecution of claims against TWUC. Finally, the public has an interest in the timely prosecution of claims. Plaintiffs have alleged that TWUC retains unredeemed funds for up to six years, all the while earning interest off those consumers' funds and charging those consumers for the "privilege" of being denied their money. No Western Union entity claims that it is entitled to retain the unredeemed transfers and additional delay is not in the public interest. The likelihood of providing adequate notice to consumers that their funds remain unredeemed diminishes with each day of further delay. Therefore, there is no basis to justify a stay against TWUC.

## III.  CONCLUSION

For all the foregoing reasons, Defendant The Western Union Company's Motion To Stay Pending Appeal should be denied.

Dated: December 20, 2011.

Respectfully submitted,

By: \_\_\_\_s/ Richard J. Burke_____
    One of Their Attorneys

Richard J. Burke
FREED & WEISS, LLC
1010 Market Street, Suite 660
St. Louis, Missouri 63101
(314) 880-7000

Jeffrey A. Leon
Grant Y. Lee
Rebecca Duggan
FREED & WEISS, LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

**Interim Lead Class Counsel**

Seth A. Katz
Daniel McKenzie
BURG SIMPSON ELDREDGE HERSH &
JARDINE, P.C.
40 Inverness Drive East
Englewood, Colorado 80112
(303) 792-5595

**Interim Liaison Class Counsel**

Jim S. Calton, Jr.
CALTON & CALTON
Post Office Box 895
Eufaula, Alabama 36072-0895

Jonathan Shub
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, Pennsylvania 19102
(215) 564-2300

**Members of Plaintiffs' Executive Committee**

## CERTIFICATE OF SERVICE

       I hereby certify that on December 20, 2011, I electronically filed the foregoing with the Clerk of Court using the **CM/ECF system**, which will send notification of such filing to the following email addresses:

Christopher Adam Seeger cseeger@seegerweiss.com, dmora@seegerweiss.com

Daniel Ellis McKenzie dmckenzie@burgsimpson.com, sstewart@burgsimpson.com

Jason A. Yurasek JYurasek@perkinscoie.com, GAlexis@perkinscoie.com docketsflit@perkinscoie.com, Jjaeger@perkinscoie.com, jreiten@perkinscoie.com, LAlcorn@perkinscoie.com, LManheim@perkinscoie.com, Salfonso@perkinscoie.com

Jeffrey A. Leon jeff@freedweiss.com, sherrie@freedweiss.com

Jonathan N. Shub jshub@seegerweiss.com, kwickline@seegerweiss.com, lgriffith@seegerweiss.com

Leonard H. MacPhee lmacphee@perkinscoie.com, docketden@perkinscoie.com, lmacphee-efile@perkinscoie.com

Richard Joseph Burke richard@freedweiss.com, debs@freedweiss.com, paul@freedweiss.com


                                  _____s/Richard J. Burke_____