IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-938-JLK** (consolidated with **10-cv-765-JLK**)

**JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DELEON** and **YAMILET RODRIGUEZ,** individually and on behalf of all others similarly situated**,**

    Plaintiffs,

v.

**THE WESTERN UNION COMPANY, a Delaware Corporation,** and
**WESTERN UNION FINANCIAL SERVICES, INC.,**

    Defendants.

**ORDER DENYING MOTION FOR STAY PENDING APPEAL (Doc. 144)**

Kane, J.

On November 21, 2011, after extensive briefing and oral argument, I issued a bench ruling (Doc. 139) denying the Motion of Defendant Western Union Financial Services, Inc. (WUFSI) to Compel Arbitration and to Stay Proceedings Pending Arbitration (Doc. 56). I found the arbitration provision at issue, preprinted in the form Western Union customers fill out to initiate a wire transfer, of dubious enforceability and inapplicable to WUFSI in any event. I denied WUFSI's request, made on its own behalf and separately on behalf of its co-Defendant The Western Union Company ("TWUC"), to stay this litigation pending arbitration as moot. On November 23, 2011, WUFSI filed a Notice of Appeal under the Federal Arbitration Act, claiming it is entitled to an immediate and direct appeal of my November 21 rulings under 9 U.S.C. § 16(a)(1). For reasons unclear, TWUC joined in the § 16(a)(1) appeal notwithstanding the fact that

TWUC has always disavowed being a party to the arbitration agreement at issue in this case and premised its motion for stay on permissive judicial economy grounds rather than the FAA.[1]

The matter is before me on Defendants' joint Motion to Stay Proceedings Pending Appeal of the November 21, 2011 (Doc. 144). Because 9 U.S.C. § 16(a) authorizes the direct appeal of orders denying a motion to compel arbitration or to stay proceedings pending arbitration, TWUC and WUFSI contend I am "divested of jurisdiction upon the filing of [their] notice of appeal" and "request" that I "stay these proceedings pending the resolution of the appeal." Mot. (Doc. 144) at 1. As an initial matter, the framing of the requested relief as a "request" when I am "divested" of jurisdiction is puzzling. If the filing of Defendants' Notice of Appeal deprived me of jurisdiction over this litigation, then a "request" for a stay would be superfluous and I would be without jurisdiction to entertain it. If, as it appears, Defendants' position on jurisdiction actually applies solely to WUFSI as the only entity that sought relief under the FAA, then the Motion for Stay would relate to TWUC solely and a request that I exercise my discretion to stay these proceedings pending WUFSI's appeal under § 16(a) of the FAA.[2]

---

[1] *See e.g.* Mot. Compel Arbitration (Doc. 56) at 2-9, 19 (The Western Union Company "exists solely as a holding company," "is not a party to the contracts that require arbitration," and seeks a stay of the claims against it not under the FAA but "to prevent inconsistent rulings and promote judicial efficiency.")

[2] The FAA permits the direct appeal of orders "denying a petition under § 4 of the title to order arbitration to proceed" or "refusing a stay of any action under § 3 of this title." 9 U.S.C. § 16(a). As previously stated, TWUC's request for a stay pending arbitration was not made under § 3 of title 9, but "to prevent inconsistent rulings and promote judicial efficiency." *See* Mot. (Doc. 56)

In any event, neither WUFSI nor TWUC is entitled to a further stay of these proceedings, under § 16(a)(1) or otherwise. I denied WUFSI's Motion to Compel Arbitration on two alternate grounds. Primarily, I denied the Motion because WUFSI failed to prove the existence of a binding arbitration agreement with Plaintiffs. WUFSI was not a signatory to the agreement and is not mentioned as a party to the agreement, which purports only to bind "Western Union" on the one hand and its "customers" on the other. WUFSI as an entity is not mentioned anywhere except as a mailing address at the bottom of the form for written customer service inquiries. The contract, moreover, is an adhesion contract to be construed against Western Union, or "WUFSI," as the case may be. In the absence of a binding arbitration agreement, neither WUFSI nor TWUC is entitled to invoke statutory or other federal policy favoring arbitration.

Second, I determined that even <u>if</u> the clause were enforceable against individual Western Union customers (and applied to their equitable class claims under *Concepcion*), there is no factual or legal distinction between WUFSI and TWUC that would permit WUFSI to enforce the agreement against Plaintiffs two years into this litigation after TWUC, and Western Union generally, have submitted to the jurisdiction of this court and have litigated substantive defenses to Plaintiffs' claims without raising the specter of an existing binding duty to arbitrate. Based on the substantial discovery already undertaken, I found TWUC and WUFSI to be part and parcel of a single entity that trades on the

---

at 19, *supra n.* 1. Because Plaintiffs have raised this issue in a Motion to Dismiss the appeal before the Tenth Circuit, I address it no further here.

markets as "Western Union" and contracts with customers as "Western Union." There is no basis in fact or in law to distinguish between "The Western Union Company" and "WUFSI" for purposes of arbitration or to conclude that the Money Transfer Agreement at issue binds customers to arbitrate disputes with the latter and not the former. Because WUFSI and TWUC are the same entity, WUFSI is bound by the litigation conduct of TWUC and has waived any right to compel arbitration under Western Union's Money Transfer Agreement.

Further, as Plaintiffs point out in their Opposition to Defendants' Motion to Stay (Doc. 147), I made no finding of unconscionability of class action waivers under *Concepcion* or otherwise. My comments regarding the "take-it-or-leave-it" or adhesion nature of the Money Transfer Agreement had nothing to do with *Concepcion*, which would apply only in the context of a binding arbitration agreement having been made. Here, I found no such agreement.

Further, TWUC has not persuaded me it is entitled to a stay of these proceedings while WUFSI attempts to appeal the November 21 order to the Tenth Circuit under the FAA. Under *In re Lang*, 414 F.3d 1191, 1202 (10th Cir. 2005), TWUC has not established any likelihood of success on the merits of its appeal. TWUC will not be harmed because it concedes it has no right to arbitration and therefore suffers no injury if Plaintiffs' claims against it proceed as they have in this litigation. TWUC has submitted to this Court's jurisdiction and has been defending this lawsuit for more than two years without any mention or invocation of any Western Union-specific right to compel

arbitration. It has filed several dispositive motions, which have been resolved on their merits favorably to Western Union. Plaintiffs have and will continue to suffer harm from the ongoing and further delay of this litigation, and the public's interest weighs in favor of the timely prosecution of Plaintiffs' claims in this court.

Based on the foregoing, Defendants' Motion to Stay (Doc. 144) is **DENIED.** In accordance with Plaintiffs' proposed time line from the parties' Joint Status Report and Proposed Scheduling Order (Doc. 148), and unless otherwise ordered, Plaintiffs shall file their Rule 23 Motion for Class Certification and Memorandum and record in support on or before April 1, 2012.

Dated:  December 23, 2011.                    **s/John L. Kane**
                                              SENIOR U.S. DISTRICT JUDGE