# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge John L. Kane

Civil Action No. 09-cv-00938-JLK consolidated with No. 10-cv-00765-JLK

JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DeLEON and YAMILET RODRIGUEZ, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.,

      Defendants.

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending before this Court entitled *Tennille v. The Western Union Co.*, No. 09-cv-00938-JLK (consolidated with No. 10-cv-00765-JLK) in the United States District Court for the District of Colorado (the "Litigation");

WHEREAS, the Court has received the motion for preliminary approval of the Stipulation and Agreement of Compromise and Settlement dated December 21, 2012 (the "Stipulation"), that has been entered into by the Class Representatives, on behalf of themselves individually and on behalf of the Class, and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, Class Representatives and Western Union have made a motion for preliminary approval of the settlement, pursuant to Federal Rule of Civil Procedure 23(e) ("Federal Rule 23(e)"), for an order preliminarily approving the settlement of this Litigation, in

accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth herein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto (the "Settlement"); and

WHEREAS all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.   The Court does hereby grant the motion and preliminarily approve the Stipulation and the Settlement set forth herein ("Preliminary Approval"), subject to further consideration at the Fairness Hearing described below:

2.   A hearing (the "Fairness Hearing") shall be held before this Court on June 14, 2013, at 10:00 A.M., at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, Courtroom A802, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a judgment as provided in the Stipulation should be entered; and to determine the amount of fees and expenses that should be awarded to Class Counsel and Class Representatives.

3.   Pursuant to Federal Rule 23, the Court certifies the following Class:

> All persons (a) who initiated any Western Union Transaction in the United States on or after January 1, 2001 and on or before the date of Preliminary Approval, whose Western Union Transaction was not redeemed within 60 calendar days; and (b) who either (i) have not claimed their money transfer funds (nor had that money claimed on their behalf) from Western Union; or (ii) were informed by written communication that their money was about to escheat to the state, district, territory, or U.S. jurisdiction in which their money transfers were initiated, and who sought and received a refund

>of their money but did not receive a payment for interest Western Union earned on that money. Excluded from membership in the Class are the following: (1) Western Union and its affiliates, and officers and employees of Western Union and its affiliates; (2) persons who timely and validly exclude themselves from the Class; (3) local, state and federal governmental entities; and (4) the judge to whom this case is assigned and any member of the judge's immediate family.

4. A "Western Union Transaction" means a consumer-to-consumer or consumer-to-business money transfer transaction initiated using Western Union's services, including Dinero en Minutos, Envio Plus, Equity Accelerator, Mexico Giro Paisano, Money in Minutes, Money Transfer, Next Day, Quick Collect, Quick Pay, Speedpay, and Swiftpay.

5. The Court finds that certification of the Class meets the requirements of Federal Rule 23 as follows for the purposes of this Settlement only:

>a. There are at least hundreds of thousands of Class members and likely more, and the Class is of sufficient size and geographical dispersion that joinder of all Class Members is impracticable, thus satisfying Federal Rule 23(a)(1).

>b. There are questions of law and fact common to the Class, thus satisfying Federal Rule 23(a)(2). Among the questions of law and fact common to the Class are: (1) whether Western Union timely notified Class members when Western Union was unable to complete their Western Union Transactions; (2) whether Western Union converted the unclaimed money transfer funds by earning interest on said funds while those funds were held by Western Union in its accounts, without paying the earned interest to Plaintiffs; and (3) whether Western Union was unjustly enriched at the expense of Plaintiffs by earning interest on the unclaimed money transfer funds while those funds were held by Western Union in its accounts, without paying that interest to Plaintiffs.

    c. Class Representatives' claims alleging Western Union engaged in fraudulent and inequitable conduct are typical of the claims of the Class, thus satisfying Federal Rule 23(a)(3).

    d. Class Representatives, and Class Counsel, will fairly and adequately protect the interests of the Class, thus satisfying Federal Rule 23(a)(4).

    e. The questions of law and fact common to the Class predominate over any questions affecting only individual members, thus satisfying Federal Rule 23(b)(3).

    f. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, thus satisfying Federal Rule 23(b)(3).

6. Plaintiff James P. Tennille, Robert Smet, Adelaida DeLeon and Yamilet Rodriguez are appointed as Class Representatives.

7. Complex Litigation Group LLC; Seeger Weiss LLP; Burg, Simpson, Eldredge, Hersh & Jardine, P.C.; Calton Legal Services; Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. and Mitchell Baker are appointed Class Counsel. Complex Litigation Group LLC is appointed Lead Counsel.

8. The Court approves, as to form and content, the "Notice of Pendency and Proposed Settlement of Class Action" (the "Long Form Notice"), and Publication Notice for publication, in substantially the forms annexed as Exhibits 1 and 2 hereto. The Court finds that the mailing and distribution of the Long Form Notice and publishing of the Publication Notice, as set forth herein, meet the requirements of Federal Rule 23 and due process, constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9. The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. ("Claims Administrator" or "Administrator") to supervise and execute the notice program as well as the administration of the Settlement, as more fully set forth below and as set forth in the Stipulation.

    a. The responsibilities of the Claims Administrator shall include, without limitation (i) the determination and the eligibility of Class members to receive payment for valid claims, and the amount of payment to be made to each Class member, in accordance with the Stipulation; (ii) the filing of any federal, state, or local tax forms or returns, as legally required, necessary to report payments made from the Class Settlement Fund or income earned by the Class Settlement Fund; (iii) the payment of any federal, state, or local taxes (including interest and penalties) due on income earned by the Class Settlement Fund; (iv) the request of refunds for any federal, state, or local tax payments, when and if appropriate, with any refund issued to become part of the Class Settlement Fund; and (e) compliance with any other applicable law regarding the Class Settlement Fund.

    b. Not later than April 3, 2013 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, substantially in the forms annexed hereto, to be mailed by first class mail, postage prepaid, to all Class members who can be identified with reasonable effort. Western Union and Class Counsel, to the extent they have not already done so, shall within 45 calendar days of entry of this Order, provide to the Claims Administrator a list in computer readable format, of the applicable names, mailing addresses, and e-mail addresses for individual putative Class members within Western

5

Union's and Class Counsel's control and possession.  Not later than 80 calendar days after entry of this Order, Western Union shall provide the applicable names and mailing addresses of those who become putative Class members after the putative Class members' names and addresses for the first transmission to the Claims Administrator was assembled.

c. Not later than April 3, 2013, the Claims Administrator shall cause the Publication Notice to be published in People en Español, Ebony and People magazines in no larger than ½ page advertisement unit in a black and white unit of advertising space.

d. For a period commencing on the date of the publication of the Publication Notice and ending on the last day of reimbursement, the Claims Administrator shall maintain a website dedicated to this Settlement.

10. Class members shall be bound by all orders, determination and judgments in this Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class member wishing to make such an exclusion request shall mail the written request to the Claim Administrator, such that it is postmarked no later than May 15, 2013.  Such request must contain the information required in the Long Form Notice and must be signed and dated by such person.  The request for exclusion shall not be effective unless it provides all of the required information and is made within the time stated above.  Class members who timely and validly request exclusion from the Class shall not be eligible to receive any payment from the Class Settlement Fund, as described in the Stipulation and Notice.

11. Only Class members and their representatives may object to the fairness, reasonableness, or adequacy of the proposed settlement, including the proposed award of attorneys' fees and expenses. They may do so by mailing a letter stating the Class member's first and last names, a valid mailing address, a functioning telephone number, and stating the reasons the Class member objects to the proposed Settlement. The letter must be mailed to the Clerk of the Court, Class Counsel, and Defense Counsel at the addresses provided in the next paragraph, and postmarked no later than May 15, 2013. The Class member must also agree to sit for a deposition, within the county in which he, she, or it resides, within 14 calendar days after serving such objection. An objecting Class member whose objection is limited to the proposed award of attorneys' fees and expenses is not required to sit for a deposition. Any objection that fails to satisfy the requirements of this paragraph, or that is not properly or timely submitted, will be deemed ineffective, and will be deemed by the Parties to have been waived. Persons who opt out of the Class may not object to the proposed Settlement.

12. Only Class members and their representatives may request to appear at the Fairness Hearing by mailing a Notice of Intention to Appear to the Clerk of the Court, Class Counsel, and Defense Counsel at the following three addresses:

Clerk of the Court
Alfred A. Arraj United States Courthouse
Room A105
901 19th Street
Denver, CO  80294-3589

Class Counsel
Richard J. Burke
Paul M. Weiss
Complex Litigation Group LLC

7

513 Central Ave., Suite 300
Highland Park, IL 60035

<u>Defense Counsel</u>
Jason A. Yurasek
Perkins Coie LLP
Four Embarcadero Center
Suite 2400
San Francisco, CA  94111

Thomas M. Barba
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, D.C. 20036

Such requests must be postmarked no later than May 15, 2013, and include the Class member's first and last names, valid mailing address, functioning telephone number, and signature.  Any request that fails to satisfy the requirements of this section shall not be granted.  Any Class member who does not properly and timely submit a request for appearance shall be deemed to have waived all rights to appear and/or comment on the Settlement at the Fairness Hearing, and shall not be permitted to comment on the proposed Settlement at the Fairness Hearing.  Persons who opt out of the Class may not request to appear at the Fairness Hearing.

      13.    Persons who intend to object to the Settlement and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witness that the Class member intends to call at the Fairness Hearing, a summary of any evidence to be submitted, and the identity of any document to be submitted, and must comply with the requirements in the Notice.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

      14.    The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of person or

8

entity to participate in the distribution of the Settlement Fund shall be under the authority of this Court.

15.     The Defendants shall not have responsibility for or liability with respect to any application for attorneys' fees or reimbursement of expenses submitted by Class Counsel or the Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

16.     Not later than April 30, 2013, Class Counsel shall file with the Court papers in support of their request for an award of attorneys' fees and expenses and Class Representative incentive awards.

17.     Not later than June 3, 2013, Class Counsel shall file with the Court papers in support of approval of the Settlement, including a declaration of proof of mailing and publishing notice.  Reply papers, if any, shall be filed no later than June 10, 2013.

18.     At or after the Fairness Hearing, the Court shall determine whether to approve the Settlement, the application for attorneys' fees and reimbursement of expenses by Class Counsel, and the request for Class Representative incentive awards.

19.     The Initial Settlement Fund shall be established to pay the Administrator's costs, pursuant to Subsections 2.A.1 and 2.A.2 of the Stipulation.  All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement, including the payment of taxes, shall be paid as set forth in the Stipulation.

20.     Western Union shall have the right to withdraw from the Settlement at any time before the Settlement becomes Final if any of the following occurs: (1) any Court issues an injunction against Western Union or its attorneys from proceeding with the settlement; (2) more

than 5% of the Class members opt out of the Settlement; or (3) this Court does not approve the provision in Subsection 6.B of the Stipulation.

21.     This Preliminary Approval, the Stipulation and its terms, the negotiations leading up to the Stipulation, the Settlement, and the proceedings taken pursuant to the Settlement, shall not:  (1) be construed as an admission of liability or an admission of any claim or defense on the part of the Defendants, in any respect, (2) form the basis for any claim of estoppels by any third party against any of the Released Parties; or (3) be admissible in any action, suit, proceeding, or investigation as evidence, or as an admission of any wrongdoing or liability whatsoever by any of the Released Parties or as evidence of the truth of any of the claims or allegations contained in any complaint filed in the Litigation, or deemed to be evidence of or an admission or concession that the Plaintiffs have suffered any damages, harm or loss.  Neither this Preliminary Approval; the Stipulation; any of their terms and provisions; any of the negotiations or proceedings connected with them; any action taken to carry out this Preliminary Approval or the Stipulation by any of the Parties shall be referred to, offered into evidence, or received in evidence in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce this Preliminary Approval or the Stipulation, or to enforce any insurance rights, to defend against the assertion of Released Claims (including a support or defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction), or by Class Counsel to demonstrate its adequacy to serve as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g) (or its state law analogs), or as otherwise required by law.

22.     Pending final determination of whether the Settlement should be approved, all Class members and anyone who acts or purports to act on their behalf, shall not institute, commence, prosecute or assist, without legal compulsion, in the prosecution of any action which asserts a Released Claim against any of the Released Parties.

23.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Class members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

24.     All proceedings in this Litigation remain stayed and suspended, pending the Final Approval of the Settlement, except such proceedings that are provided in the Stipulation, or which may be necessary to implement the terms of the Stipulation, Settlement, or this Order.

DATED: January 3, 2013, *nunc pro tunc.*

                                          **s/John L. Kane**
                                          SENIOR U.S. DISTRICT JUDGE