**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Civil Action No. 09-cv-00938-JLK consolidated with No. 10-cv-00765-JLK

**JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DELEON and YAMILET RODRIGUEZ**, individually and on behalf of all others similarly situated,

       Plaintiffs,

v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.,**

       Defendants.

_____

**ORDER APPROVING SUPPLEMENTAL NOTICE
TO A PORTION OF THE CERTIFIED CLASS**
_____

Kane, J.

WHEREAS, a consolidated class action is pending before this Court entitled *Tennille v. The Western Union Co.*, No. 09-cv-00938 (consolidated with No. 10-cv-00765-JLK) in the United States District Court for the District of Colorado;

WHEREAS, on January 3, 2013, in its Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), this Court conditionally certified the Class, defined as follows:

> All persons (a) who initiated any Western Union Transaction in the United States on or after January 1, 2001 and on or before the date of Preliminary Approval, whose Western Union Transaction was not redeemed within 60 calendar days; and (b) who either (i) have not claimed their money transfer funds (nor had that money claimed on their behalf) from Western Union; or (ii) were informed by written communication that their money was about to escheat to the state, district, territory, or U.S. jurisdiction in which

1

their money transfers were initiated, and who sought and received a refund of their money but did not receive a payment for interest Western Union earned on that money. Excluded from membership in the Class are the following: (1) Western Union and its affiliates, and officers and employees of Western Union and its affiliates; (2) persons who timely and validly exclude themselves from the Class; (3) local, state and federal governmental entities; and (4) the judge to whom this case is assigned and any member of the judge's immediate family,

Preliminary Approval Order ¶ 3;

WHEREAS, The Parties' Stipulation and Agreement of Compromise and Settlement ("Settlement Agreement") states that prior to Final Approval, some Class members' money transfer funds will become escheatable ("Interim Escheatment") according to state law, *see* Settlement Agreement §§ 2.A.3, 2.C.4;

WHEREAS, at least some of the state laws under which property becomes escheatable require notice of the pending escheatment and an opportunity for a refund;

WHEREAS, the Notice submitted by the Parties, and approved by the Court in the Preliminary Approval Order, does not specifically address the circumstances attendant to those Class members subject to Interim Escheatment, or the rights of notice and opportunity for refund under state law; and

WHEREAS, the Preliminary Approval Order appointed Epiq Class Action & Claims Solutions, Inc. ("Epiq"), as Claims Administrator to supervise and execute the notice program, Preliminary Approval Order ¶ 9.

NOW THEREFORE, IT IS HEREBY ORDERED:

Epiq shall mail a supplemental notice ("Supplemental Notice") (attached as Exhibit A), specifically directed to those Class members whose money transfer funds are subject to Interim Escheatment, explaining the rights and opportunity for a refund under state law. The

Supplemental Notice meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances, and constitutes sufficient notice to those Class members subject to Interim Escheatment.

                                                  **s/John L. Kane**
                                                  SENIOR U.S. DISTRICT JUDGE

Dated:  April 11, 2013