UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

JAMES P. TENNILLE, ROBERT SMET,
ADELAIDA DELEON and
YAMILET RODRIGUEZ,                    Civil Action No. 09-cv-00938-JLK
Individually and on behalf of         *consolidated with*
all others similarly situated,        No. 10-cv-00765-JLK

       Plaintiffs,                  Hon. John L. Kane

v.

THE WESTERN UNION COMPANY and
WESTERN UNION FINANCIAL
SERVICES, INC.,

       Defendants.

---

John E. Anding (P30356)
Theodore J. Westbrook (P70834)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Plaintiff-Objector Sikora Nelson
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
(616) 454-8300
janding@dca-lawyers.com
twestbrook@dca-lawyers.com

---

## OBJECTIONS OF SIKORA NELSON TO PROPOSED CLASS SETTLEMENT AGREEMENT

Plaintiff-Objector Sikora Nelson, by and through her counsel, hereby objects to the settlement proposed by the parties in the case of *Tennille v. Western Union Company*, Nos. 09-cv-00938-JLK, 10-cv-00765-JLK (D. Colo), and states as follows:

1.      Ms. Nelson is a member of the plaintiff class in this case.

2. Ms. Nelson has transferred money using Western Union's services on numerous occasions, generally for the purpose of paying bills, and has always conducted such transfers at a Western Union facility located within the state of Michigan.

3. In April of 2013, Ms. Nelson received a notice of class action settlement ("Notice") in the present case.

4. Since receiving the Notice, Ms. Nelson has confirmed that on two occasions Western Union retained funds she attempted to transfer and that Western Union has neither returned the funds nor notified her that the funds were not delivered to the intended recipient.

5. Ms. Nelson objects to the proposed settlement for the reasons which follow.

6. The proposed relief to be given to class members is insufficient because it does not provide relief in accordance with Michigan law, which allows class members whose transfers took place in Michigan to recover treble actual damages, in addition to all other relief, pursuant to Mich. Comp. Laws § 600.2919a.

7. As a result, under the proposed settlement, each class member in this case whose unredeemed Western Union transfers originated in Michigan receives only, at most, 25% of the money to which that class member is entitled under Michigan law.

8. The proposed settlement is not fair to Michigan class members because it does not provide any greater recovery for them than it does for non-Michigan class members who could not have asserted additional claims for treble actual damages under Mich. Comp. Laws § 600.2919a.

9. The proposed settlement is also not fair to Michigan class members because the release of claims it contains is overly broad, encompassing claims under Mich. Comp. Laws § 600.2919a that have not been asserted in this case.

10. The proposed settlement should also be rejected because the Notice does not fairly apprise the class members of the nature of the case, the terms of the settlement and the terms of the release.

11. The proposed settlement is not fair because it should, but does not, specify a subclass for Michigan class members and provide to them relief in accordance with Mich. Comp. Laws § 600.2919a.

WHEREFORE, for these reasons and for the reasons stated in the Brief in Support hereof, Plaintiff-Objector Sikora Nelson respectfully requests that the Court deny approval of the proposed settlement.

Dated: May 14, 2013

Sikora Nelson
1422 Linwood St. NE
Grand Rapids, MI  49507
(616) 643-3425


Dated: May 14, 2013

John E. Anding (P30356)
Theodore J. Westbrook (P70834)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Plaintiff-Objector Sikora Nelson
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
(616) 454-8300
janding@dca-lawyers.com
twestbrook@dca-lawyers.com