**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge John L. Kane**

Civil Action No. 09-cv-00938-JLK consolidated with No. 10-cv-00765-JLK

JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DeLEON and YAMILET
RODRIGUEZ, individually and on behalf of all others similarly situated,

       Plaintiffs,

  v.

THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES,
INC.,

       Defendants.

---

**AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL**

---

Kane, J.

This Court, having considered the Stipulation and Agreement of Compromise and

Settlement dated December 21, 2012, including all Exhibits thereto (the "Stipulation"), between

Class Representatives James P. Tennille, Robert Smet, Adelaida DeLeon and Yamilet

Rodriguez, on behalf of themselves individually and the Class, and Defendants The Western

Union Company and Western Union Financial Services, Inc.; and having held a hearing on June

24, 2013 ("Fairness Hearing"); and having considered all the submissions and arguments with

respect thereto, and otherwise being fully informed, and good cause appearing therefore,

    IT IS HEREBY ORDERED that:

    1.    The Final Judgment and Order of Dismissal ("Judgment") incorporates herein and

makes a part hereof, the Stipulation, including the Exhibits thereto.  Unless otherwise defined

herein, all defined terms used herein shall have the same meanings as set forth in the Stipulation,

and any subsequent amendments.

2.      The Court has personal jurisdiction over the Class Representatives, the Class

members, and Defendants for purposes of this Litigation and settlement, and has subject matter

jurisdiction to approve the Stipulation and the terms of the settlement set forth therein (the

"Settlement").

<strong>Affirmance of Class Certification</strong>

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Federal Rule 23"),

the Court confirms certification of the following Class, as ordered by the Court in its January 3,

2013 Order Preliminarily Approving Settlement and Providing for Notice (Docket No. 175) (the

"Preliminary Approval"), for the purposes of this Settlement only:

> All persons (a) who initiated any Western Union Transaction in the United States on or after January 1, 2001 and on or before the date of Preliminary Approval, whose Western Union Transaction was not completed within 60 calendar days; and (b) who either (i) have not claimed their money transfer funds (nor had that money claimed on their behalf) from Western Union; or (ii) were informed by written communication that their money was about to escheat to the state, district, territory, or U.S. jurisdiction in which their money transfers were initiated, and who sought and received a refund of their money but did not receive a payment for interest Western Union earned on that money.  Excluded from membership in the Class are the following: (1) Western Union and its affiliates, and officers and employees of Western Union and its affiliates; (2) persons who timely and validly exclude themselves from the Class; (3) state and federal governmental entities; and (4) the judge to whom this case is assigned and any member of the judge's immediate family.

4.      A "Western Union Transaction" means a consumer-to-consumer or consumer-to-

business money transfer transaction initiated using Western Union's services, including Dinero

en Minutos, Envio Plus, Equity Accelerator, Mexico Giro Paisano, Money in Minutes, Money

Transfer, Next Day, Quick Cash, QuickCollect, Quick Pay, Speedpay, and Swiftpay.

     5.      The Court confirms that certification of the Class met the requirements of Federal

Rule 23 as follows:

     a.      There are at least hundreds of thousands of Class members and the Class

is of sufficient size and geographical dispersion that joinder of all Class members is

impracticable, thus satisfying Federal Rule 23(a)(1).

     b.      There are questions of law and fact common to the Class, thus satisfying

Federal Rule 23(a)(2). The primary question of law and fact common to the Class is (1)

whether Western Union timely notified Class members when Western Union was unable

to complete their Western Union Transactions; (2) whether Western Union converted the

unclaimed money transfer funds by earning interest on said funds while those funds were

held by Western Union in its accounts, without paying the earned interest to Plaintiffs;

and (3) whether Western Union was unjustly enriched at the expense of Plaintiffs by

earning interest on the unclaimed money transfer funds while those funds were held by

Western Union in its accounts without paying that interest to Plaintiffs.

     c.      Class Representatives' claims in connection with Western Union's alleged

inequitable conduct are typical of the claims of the Class, thus satisfying Federal Rule

23(a)(3).

     d.      Class Representatives, and Class Counsel, will fairly and adequately

protect the interests of the Class, thus satisfying Federal Rule 23(a)(4).

e.      The questions of law and fact common to the Class predominate over any

questions affecting only individual members, thus satisfying Federal Rule 23(b)(3).

f.      A class action is superior to other available methods for the fair and

efficient adjudication of the controversy, thus satisfying Federal Rule 23(b)(3).

6.      In making all of the foregoing findings, the Court has exercised its discretion in

certifying the Class.

**Class Notice Findings and Opt-Outs**

7.      The record shows that notice has been given to the Class in the manner approved

by the Court in its Preliminary Approval (Docket No. 175).  The Court finds that such notice:

(1) constitutes reasonable and the best practicable notice; (2) constitutes notice that was

reasonably calculated under the circumstances, that apprise Class members of the pendency of

the Action, the terms of the Settlement, and the Class members' right to object to or exclude

themselves from the Class and to appear at the Fairness Hearing; (3) constitutes due, adequate,

and sufficient notice to all persons or entities entitled to receive notice; and (4) meets the

requirements of due process, Federal Rule of Civil Procedure 23, and the Class Action Fairness

Act of 2005, 28 U.S.C. § 1715.

8.      No individual or entities, other than those listed in a declaration to be provided by

Administrator to the Court, have timely and validly excluded themselves from the Class.  This

Judgment shall have no force or effect on the persons or entities listed in the declaration to be

provided by the Administrator to the Court.  Those Class members who validly excluded

themselves shall not be entitled to receive any reimbursement.

**Findings That Arm's Length Negotiations Occurred**

9.      The Court finds that extensive arm's length negotiations have taken place in good faith between Class Counsel and Western Union's Counsel resulting in the Stipulation.

**Approval of the Settlement**

10.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby finally approves in all respects the Settlement of the terms and conditions set forth in the Stipulation and finds that the Settlement and the Stipulation are, in all respects, fair, reasonable and adequate, and in the best interest of the Class.  The Court has considered the objections to the Settlement and hereby overrules them.

11.      The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation.  In addition, the settling Parties are authorized to agree to and adopt such amendments and modifications to the Stipulation, or any Exhibits attached thereto, to effectuate the Settlement as (1) shall be consistent in all material respects with this Judgment; and (2) do not limit the rights of the Class in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

12.      The Class Settlement Fund and Western Union's Account shall be established for the benefit of Class members, pursuant to Subsections 2.A.3 and 3.G.8 of the Stipulation.

13.     Pursuant to Subsection 2.A.3 of the Stipulation, not later than ten business days after the Settlement Effective Date, in a trust account at an institution chosen by Lead Class Counsel for the benefit of the Class members, Western Union shall deposit into the Class Settlement Fund the Class members' unredeemed money transfer funds less administrative fees and charges as specified in the Class members' contracts and/or permitted by state statutes, held by Western Union on the date of this Judgment.  The Class members' money transfer funds held by Western Union on the date of this Judgment shall not include any funds deemed abandoned or unclaimed under the abandoned or unclaimed property laws of any state, district, territory, or U.S. jurisdiction.  The Court found at the Fairness Hearing that the estimated amount to be deposited into the Class Settlement Fund is approximately $135 million (see Docket No. 248).

14.     The non-redemption notice instituted under Subsection 2.D.1 of the Stipulation shall satisfy Western Union's obligations as to notice under state and federal laws.  So long as Western Union certifies to the Court that Western Union has substantially complied with the non-redemption notice requirement set forth in Subsection 2.D.1 of the Stipulation, that requirement will expire 7.5 years from the date of this Judgment.

15.     Although interest will continue to accrue on the principal sent for future Western Union Transactions, no interest will be refunded to customers for future Western Union Transactions once the Administrator sends the Long Form Notice provided for in Subsection 2.D.1 of the Stipulation.

**Dismissal of Claims and Release**

16.     The Consolidated Class Action Complaint filed in the Litigation and all claims asserted therein are hereby dismissed with prejudice and without costs to any party, except as otherwise provided in the Stipulation.

17.     The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18.     The releases set forth in the Stipulation are incorporated herein by reference.  No Class member, either directly, representatively, or in any other capacity (other than a Class member who validly and timely elected to be excluded from the Class), shall commence, continue, or prosecute against any or all Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims defined in the Stipulation, and are hereby permanently enjoined from so proceeding.  Upon the Settlement Effective Date, and without any further action, the Class members further shall not knowingly or voluntarily assist in any way any third party in commencing or prosecuting any suit against the Released Parties relating to any Released Claim, including any derivative suit not otherwise released.

19.     Class Counsel has the authority to settle the Released Claims, including all claims relating to the Class members' Western Union Transactions and money transfer funds.  Each Class member, whether or not such Class member executes and submits a

Claim, is bound by this Judgment, including, without limitation, the releases as set forth in the Stipulation.

20.     This Judgment, the Preliminary Approval, the Stipulation and its terms, the the negotiations leading up to the Stipulation, the Settlement and the proceedings taken pursuant pursuant to the Settlement, shall not (1) be construed as an admission of liability or any admission of any claim or defense of the part of the Defendants, in any respect; (2) form the basis for any claims of estoppel by any third party against any of the Released Parties; or (3) be admissible in any action, suit, proceeding, or investigation as evidence, or as an admission of any wrongdoing or liability whatsoever by any of the Released Parties or as evidence of the truth of any of the claims or allegations contained in any complaint filed in the Litigation, or deemed to be evidence of or an admission or concession that Plaintiffs have suffered any damages, harm or loss.  Neither this Judgment; the Preliminary Approval; the Stipulation; any of their terms and provisions; any of the negotiations or proceedings connected with them; any action taken to carry out this Judgment, the Preliminary Approval, or Stipulation by any of the Parties shall be referred to, offered into evidence, or received into evidence in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce this Judgment, the Preliminary Approval or the Stipulation, or to enforce any insurance rights, to defend against the assertion of Released Claims (including to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction), or by Class Counsel to demonstrate its adequacy to serve as Class Counsel pursuant

to Federal Rule of Civil Procedure 23(g) (or its state law analogs), or as otherwise required by law.

21.    a.    Upon the Settlement Effective Date, the Released Parties are discharged from all claims for contribution and all claims for indemnification by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims.  Accordingly, to the fullest extent provided by law, upon the Settlement Effective Date, the Court bars all the claims referred to in this paragraph against the Released Parties.

b.    In the event any Class member—or any state, district, territory, or U.S. jurisdiction on behalf of its citizens or residents as *parens patriae* or otherwise brought derivatively— seeks to recover damages or any other form of monetary relief ("Damages") from any person or entity based upon claims that arise out of, or relate in any way to, the Released Claims, the Class member shall give such person or entity the benefit of judgment reduction or offset equal to the greater of  (1) the amount of recovery obtained by the Class member in connection with the Settlement; or (2) the amount of any of the Released Parties' equitable share of the Damages.  In the event that any Class member—or any state, district, territory, or U.S. jurisdiction on behalf of its citizens or residents as *parens patriae* or otherwise brought derivatively— obtains a judgment against any person or entity based upon claims that arise out of, or relate in any way to, the Released Claims, the Class member agrees to reduce such judgment, up to the full extent thereof, so as to extinguish any claim such person or entity has

successfully litigated against any of the Released Parties for contribution, indemnification or the like, however styled.

**Claims**

22.     Not later than 30 days after the Settlement Effective Date, Western Union shall provide to the Administrator the information listed in Subsection 3.F.1 of the Stipulation consistent with federal and state law.

23.     Any existing estate may make a claim on behalf of a putative Class member. Only Class members who submit valid claims shall be entitled to receive a payment.  Submitted Claim Forms must satisfy the following conditions to be deemed valid: (1) the Claim Form must be timely submitted; (2) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter therein; (3) the declaration at the bottom of the Claim Form stating that he, she, or it has not been otherwise reimbursed for the unclaimed money transfer must be signed under penalty of perjury; and (4) if the person executing the Claim Form is acting in a representative capacity, a certification of such representative's authority to act on behalf of the Class member must be sent to the Administrator along with the properly submitted Claim Form.

24.     To be considered timely submitted, a properly executed Claim Form, substantially in the form attached to the Stipulation, must be submitted to the Administrator at the address indicated on the Claim Form, postmarked no later than 180 calendar days after the Settlement Effective Date.  Each Claim Form shall be deemed to have been submitted when postmarked, if properly addressed.  Any Claim Form submitted in any other manner shall be deemed to have

10

been submitted when it was actually received by the Administrator.  Claim Forms that are not timely submitted shall be deemed invalid claims.

25.     Checks issued from the Class Settlement Fund and sent to Class members shall remain negotiable for 120 calendar days from the date of mailing.  Funds represented by checks sent to Class members to be paid out of the Class Settlement Fund remain the property of the holder of the Class Settlement Fund until and unless they are properly and timely negotiated by the Class member or by an authorized Class member representative.

26.     Checks issued from the Western Union Account that are sent to Class members shall remain negotiable for 120 calendar days from the date of mailing.  Funds represented by checks sent to Class members to be paid out of the Western Union Account remain the property of Western Union until and unless they are properly and timely negotiated by the Class member.  Checks that are not cashed within 120 calendar days of their issuance from the Western Union Account will be void and subject to state escheatment laws.

27.     In no event will checks be negotiable by any Class member or any Class member's authorized representative after 120 days from issuance of the check to satisfy that Class member's claim.

## Continuing Jurisdiction

28.     Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration,

consummation, enforcement and interpretation of the Stipulation, the Settlement, and this

Judgment to the extent not inconsistent with the Stipulation, the Settlement, and the Judgment.

Judgment.  Defendants and Plaintiffs are hereby deemed to have irrevocably submitted to the

the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute

arising out of or relating to the Settlement or the Stipulation, including the Exhibits thereto, and

only for such purposes.  Without limiting the generality of the foregoing, and without affecting

the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action or

proceeding.  Defendants and Plaintiffs are hereby deemed to have irrevocably waived and agreed

not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are

not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue

or an inconvenient forum.

29.     The Court shall approve all of the Administrator's expenses to be paid after the

Settlement Effective Date.  Three months after the date of Final Approval, and every three

months thereafter until the Court approves all of the Administrator's reasonable expenses for the

administration of the Settlement, the Administrator shall submit to Class Counsel, who in turn

shall file with the Court, an invoice of all expenses the Administrator incurred during that time

period.

### *Cy Pres* **Fund**

30.     If there are any remaining monies in the Class Settlement Fund after payment of

all valid claims, administration fees, Class Representative awards, and attorneys' fees and

expenses, then the remaining monies and accumulated interest will be put into a *cy pres* fund,

which will be paid directly to the states, territories, districts, and U.S. jurisdictions each in proportion to the amount that would have escheated to that state, territory, district, or U.S. jurisdiction in the absence of the Settlement as of the date of this Judgment.

31.    Before receiving any monies from the *cy pres* fund, each state, territory, district, and U.S. jurisdiction  ("Releasing Jurisdiction") must release the Released Parties, Class Counsel and the Claims Administrator from any and all escheatment liabilities, claims, causes of action, damages, costs, or demands, whether known or unknown, asserted or unasserted concerning or relating to the claims made in the above-captioned action and released under the Settlement Agreement, in consideration for receipt of the proportionate amount that would have escheated to that state, territory, district or U.S. jurisdiction in the absence of any payments from the Class Settlement Fund.  The release will become effective upon the state's, territory's, district's or U.S. jurisdiction's receipt of the monies from the *cy pres* fund.  The release must be filed with this Court in the same form and substance as set forth in Exhibit A prior to the Releasing Jurisdiction receiving any monies from the *cy pres* fund, unless agreed to by Defendants.

32.    If any state, territory, district, or U.S. jurisdiction either (1) does not sign the release within 12 months of the date of creation of the *cy pres* fund; or (2) asserts a claim against Western Union relating to the funds in the Class Settlement Fund or *cy pres* fund, those funds shall be deposited into a separate fund, established by the Claims Administrator.  Upon an adequate showing by Western Union, the Court shall direct payment from the separate fund, up to the proportionate amount that would have been

paid to the state, territory, district or U.S. jurisdiction as described in paragraph 30, be used to satisfy any claims or judgments, or any costs or fees associated with any claim or judgment against Western Union or the Released Parties.

## Extinguishment of Rights & Escheatment

33.　　The Court finds that before the Class members' money transfer funds became unclaimed or abandoned property, Class members were entitled to recover their unredeemed money transfer funds, subject to certain limitations set forth in their contracts with Western Union.

34.　　Class members' rights to their money transfer funds against Western Union have been extinguished, in perpetuity.

35.　　In lieu of any claim to their original money transfer funds, Class members only have rights to claims made from the Class Settlement Fund, as set forth in the Stipulation.

36.　　Upon this Court's Judgment, any unredeemed money transfer funds deposited into the Class Settlement Fund are no longer subject to escheatment, as the Class members' rights to their money transfer funds have been extinguished, in perpetuity, before the funds were abandoned or unclaimed under the abandoned or unclaimed property laws of any state, district, territory, or U.S. jurisdiction.

37.　　The funds deposited into the *cy pres* fund are not subject to escheatment, as the Class members' rights to those funds are forever released upon this Court's Judgment.

**Miscellaneous**

38.     Lead Class Counsel shall, in its sole discretion, allocate the attorneys' fees

to all Class Counsel.

39.     Any order regarding the Fee and Expense Application or Class

Representative incentive awards, or any appeal, modification or change thereof, shall in

no way disturb or affect this Judgment and shall be considered separate from this

Judgment.

40.     Western Union shall have the right to withdraw from the Settlement at any time

before the Settlement becomes Final, as defined in the Stipulation, if any Court issues an

injunction against Western Union or its attorneys from proceeding with the Settlement.


DATED:  June 25, 2013 *nunc pro tunc*        s/John L. Kane_____
                                                     SENIOR U.S. DISTRICT JUDGE