IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-00938-JLK** (consolidated with 10-cv-765-JLK)

**JAMES P. TENNILLE, on behalf of himself and all others similarly situated,**

    Plaintiff,

v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.,**

Defendants.

## ORDER

Kane, J.

This class action litigation arose out of Western Union's business practice of leveraging the time value of unclaimed transfer funds until state unclaimed property laws mandated they disclose and attempt to repatriate them. In extensive motions practice over a period of years, Western Union succeeded in dismissing all of Plaintiffs' claims save for Plaintiffs' equitable claims premised on various theories of unjust enrichment. Western Union's motion to compel class members to submit to individual arbitration was denied, and an appeal was taken. After lengthy negotiations before private and Tenth Circuit mediators, the litigation culminated in a global settlement calling for sweeping and substantive changes to the way Western Union does business. Class members were notified of the Class Action Settlement Agreement and afforded the opportunity both to opt out of the settlement class or to object to the Agreement's terms.

At a fairness hearing held on June 24, 2013, the objections of various class members including Sikora Nelson and Paul Dorsey were heard. *See* Minutes (Doc. 254). Ms. Nelson appeared personally through counsel. Mr. Dorsey had been scheduled to appear personally but did not, citing the fact that the hearing had been rescheduled ten days from its original date and Mr. Dorsey could not change his flight. *See* Withdrawal of Notice of Intention to Appear (Doc. 250).

At the fairness hearing, I heard from counsel on each of the pending objections, including Mr. Dorsey's. *See* Hg. Tr. (Doc. 257) at pp. 27-35. Mr. Dorsey's objection focused primarily on the issue of notice and it, together with Ms. Nelson's objection and the pro se objections of a handful of other class members, was overruled. I proceeded to fairness determinations, and ultimately approved the settlement. In doing so I described the difficult nature of the case and the exceedingly narrow path the Plaintiff Class faced to a successful resolution. *Id.* at 30. I found the parties' agreement to have been the result of "vigorous, at times contentious, negotiations" over a long period of time. *Id.* at 30. Given the nature of the dispute and global business practices at issue, I went so far as finding the settlement "remarkable." *Id.* Final Judgment on my approval was entered the following day, on June 25, 2013. (Doc. 253.)

Ms. Nelson, through her counsel, filed an appeal of the Final Judgment and my findings overruling her objection, and Mr. Dorsey joined in that appeal. The matter is before me now on Class Plaintiffs' Motion for Appeal Bond (Doc. 268), which I originally granted over Ms. Nelson's written objection and without hearing from Mr.

Dorsey given that the time for responding to the Motion had run.  (Doc. 272.)  Mr. Dorsey's handwritten response was received in chambers later that same day.  *See* Letter from P. Dorsey (Doc.273).  Given Mr. Dorsey's pro se status and the nature of the relief that had been ordered against him, I treated his letter as a Motion for Reconsideration and directed Class Counsel to respond to it.  *See* Order re Letter from Mr. Dorsey (Doc. 275).  Class Counsel did so in the form of a Motion to Supplement the Record to Respond to Objector Dorsey's Request for Claims Administration Invoice (Doc. 289).  Class Counsel also filed a separate Reply in support of their Motion for Appeal Bond.  (Doc. 284).  I gave Mr. Dorsey the last word on the appeal bond issue by directing him to file his "final response/reply in support of his Motion for Reconsideration" (Doc. 291), which he timely filed on October 15, 2013.  (Doc. 294). Accordingly, Mr. Dorsey's response to Class Plaintiffs' Motion for Appeal Bond stands fully briefed, and I address it as follows:

The substance of Mr. Dorsey's objection to Plaintiffs' Motion for Appeal Bond was the lack of evidentiary basis for the $1,007,294 bond amount.[1]  Mr. Dorsey questions Class Counsel's representations regarding the need for an additional mass mailing to the nationwide class to notify them of the appeal and resulting delays, as well as counsel's

---

[1] I pause briefly to dispose of the parties' dispute regarding the legal standard applicable to Mr. Dorsey's response.  Class Counsel emphasizes the procedural vehicle, citing law in this circuit regarding Motions for Reconsideration that preclude revisiting a decision of the Court absent demonstration of a mistake "not of reasoning but of apprehension . . . [or] a significant change or development in the law or facts since submission."  Class Pls' Response (Doc. 284) at 1.  Mr. Dorsey asks that his Motion be treated as a request to respond to the Motion for Appeal Bond in the first instance.  Given Mr. Dorsey's pro se status and his history of diligent participation throughout the course of the settlement proceedings, I apply no heightened standard and consider his substantive Reponse, filed on September 30, 2013 (Doc. 287) on its merits.

assertions regarding call volume and $37,180 per month in additional administrative costs. Mr. Dorsey asks Class Counsel to provide copies of invoices and phone records to support these claims "as a show of good faith," and asks whether supplemental class notice could not be effected "by simply and efficiently posting an update on the website maintained by the Class Administrator" rather than pursue costly individualized mailing. Finally, Mr. Dorsey asks whether Class Counsel "really intend(s) to advise the Class of what their options are while the appeal remains pending, as it stated to the Court in its Motion for Bond," or is that "just posturing for the Court?" The gist of Mr. Dorsey's response is that Class Counsel's estimates regarding the cost of the delay were exaggerated as a "bullying tactic against the Objectors." *See* Mr. Dorsey's Response (Doc. 287), pp. 2-4.

In response, Class Counsel moves to supplement the record, *see* Motion (Doc. 289), attaching the September Claims Administration Report – identifying over 9,045 total minutes of live agent calls and over 2,000 calls to the automated claims system in September 2013 alone (Ex. 1 to Doc. 289) – as well as the claims administration bill for September in the amount of $30,402.36 (Ex. 2). "There will be highs and lows along the way," Class Counsel states, "but there most assuredly will continue to be class member contacts generating increases in the cost of administration the recurrence of which will be elongated by the period of the appeal." *See id.* I agree. The nature of the class action settlement, its nationwide scope, and the sheer number of class members – many of whom are unsophisticated or non-native English speakers or otherwise unfamiliar with legal

proceedings or their rights under the Agreement – portends a hands-on claims process requiring considerable effort on the part of the Claims Administrator.  As Class Plaintiffs correctly observe, the setting of an appeal bond necessarily involves forward-looking estimates and educated guesswork.  Based on my familiarity with this case and the record before me, Class Counsel's cost estimate of $1,007,294 is not unreasonable and is not asserted as a "tactic" merely to "bully" the appealing objectors.

Having considered Mr. Dorsey's response to the Motion for Appeal Bond together with Plaintiffs' Motion to Supplement the Record and related briefing, I REAFFIRM my Order granting the Appeal Bond (Doc. 272) and ORDER a bond in the amount of $1,007,294 be payable jointly and severally by Ms. Nelson and Mr. Dorsey.  With the exception of ancillary attorney fee issues, which have been referred to Magistrate Judge Tafoya and do not affect appellate jurisdiction, the proceedings in the district court are CONCLUDED.

Dated October 21, 2013.

                                                                  **s/John L. Kane**
                                                                   SENIOR U.S. DISTRICT JUDGE