**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**Judge John L. Kane**

Civil Action No. 09-cv-00938-JLK, consolidated with No. 10-cv-00765-JLK

**JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DELEON, and YAMILET RODRIGUEZ**, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.**,

      Defendants.

---

**CLASS COUNSELS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE FEE PETITION OBJECTION LODGED BY OBJECTOR BACHARACH**

---

Objector Albert Bacharach filed his objection (D.E. 216) to Class Counsels' attorney fee application on May 20, 2013, claiming that because the settlement was a "mega fund," Class Counsel should not be paid any more than "15.1 % of the Settlement Fund ($27.18 million)." On December 31, 2013 Magistrate Judge Tafoya entered her Report and Recommendation ("R&R") awarding Class Counsel approximately $23 million in fees; the deadline for filing an objection to the R&R was January 14, 2014. On January 30, 2104 Objector Bacharach filed his untimely objection to the R&R (D.E. 324), but this time objecting that the R&R improperly valued the injunctive relief and now arguing that a "fee of $5.7 million would be reasonable". Because Bacharach's January 30, 2014 objection to the R&R is both untimely and based upon a new objection, Class Counsel moved to strike it on January 31, 2014 (D.E. 325).

1

In response, Objector Bacharach claimed that, although he was an attorney, he only recently became a member of the Colorado bar and had failed to receive ECF notice of the R&R on December 31, 2013, and thus the Court should presumably excuse his late filing. However, Objector Bacharach fails to explain his entirely new objection. Attorney Paul Rothstein appeared for and participated by telephone on behalf of Mr. Bacharach at the September 3, 2014 oral fee argument/hearing.

## I. OBJECTOR BACHARACH HAS ABANDONED HIS OBJECTION

The record is clear: Mr. Bacharach has abandoned entirely the arguments on attorneys' fees he made in his initial written objection (D.E. 216), and has instead pursued new arguments that in fact contradict the arguments he previously advanced. Objecting to a class action settlement, or the attorney's fees sought by Class Counsel, does not confer on the objector the free flowing status to raise any argument, at any time, and thereby perpetually "move the goal posts." This Court made clear that this would not be the procedure for this Settlement, and established a firm and clear deadline for the submission of written objections. Objector Bacharach no longer claims, as he originally did, that this is a "mega fund case" for which a lower percentage is merited. Rather he now claims that only a $5 million fee is reasonable in spite of previously arguing that a $27 million fee was reasonable. Objector Bacharach's current objection to the R&R is untethered from his original objection and in fact the R&R recommended an award even *less* than this Objector originally stated was reasonable.

## II. THE LATE AND NEWLY FILED OBJECTION OF BACHARACH VIOLATES THE COURT'S PRELIMINARY APPROVAL ORDER AND SHOULD BE STRICKEN.

There is no dispute that as a general matter this Court has the authority to enforce its own orders. *See Liberis v. Craig*, 845 F.2d 326 (6th Cir. 1988) ("Courts have inherent authority to

enforce their judicial orders and decrees"); *Cook v. Ochsner Foundation Hospital*, 559 F.2d 270, 272 (5th Cir. 1977) ("Courts have, and must have, the inherent authority to enforce their judicial orders and decrees"). In particular, "the power to strike a pleading[] is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). *See also Chapman v. Western Express, Inc.*, 815 F.Supp.2d 1274, 1285 n.9 (S.D. Ala. 2011) (relying on "inherent authority to enforce its orders", court struck pleadings filed after court ordered deadline).

This Court's authority to enforce the deadlines established by its preliminary approval order is no different. Indeed, in a virtually identical situation, the Tenth Circuit affirmed a District Court's right to exclude late-filed objections to a class action settlement, finding that an objector pursuing an appeal of a late-filed objection stricken by the District Court has no standing. *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1257-58 (10th Cir. 2004) ("We cannot reach that conclusion [that appellant has a right to appeal] because his written objection does not meet the district court's stated requirements for objecting at the fairness hearing."). *See also In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F.3d 913, 917 (8th Cir. 2011) ("an unnamed class member for that matter[]must file a timely objection ***pursuant to district court procedure***, or else he loses any right he would have otherwise had to appeal a settlement agreement.") (citing *Integra*; emphasis added).

The objection Bacharach is now pursuing, *i.e.*, that the class benefit is only $19 million in recovered interest, was not included in his written objection filed May 20, 2013 (D.E. 216), and in fact directly contradicts it. The Court's Preliminary Approval Order clearly stated that a class member "may object to the fairness, reasonableness, or adequacy of the proposed settlement, including the proposed award of attorneys' fees" and that a class member may do so "by mailing

3

a letter … stating the reasons the class member objects" but explicitly requiring that "[t]he letter must be mailed to the Clerk of Court, Class Counsel and Defense Counsel … and postmarked no later than May 15, 2013." (D.E. 175 at ¶11.) The Order further detailed the penalties for non-compliance: "[a]ny objection that fails to satisfy the requirements of this paragraph, or that is not properly or timely submitted, will be deemed ineffective, and will be deemed by the Parties to have been waived." (*Id*.) Through this motion and the one previously filed (D.E. 325), Class Counsel seek enforcement of paragraph 11 of the January 2, 2013 Preliminary Approval Order because Bacharach is pursuing objections to the attorneys' fees that were not "properly or timely submitted" or postmarked by May 15, 2013.

Mr. Bacharach, a so-called "professional objector",[1] made one and only argument in his single-page letter to this Court of May 15, 2014: he labeled the settlement a "mega-fund settlement … exceeding $100 million" and argued that Class Counsel should not be awarded "more than 15.1% of the Settlement Fund ($27.18 million)" and that "any greater fee would be unfair, unreasonable and excessive." Judge Tafoya's Report and Recommendation suggested an award to Class Counsel several million dollars ***below*** Bacharach's recommended fee. Nonetheless, he has objected to the R&R, and in so doing, he has actually contradicted his prior

---

[1]   Attorney Bachrach's objections and fee petitions in a wide array of class action settlements have been routinely denied around the country. *See, e.g.*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004) (denying objections in drug manufacturer class action); *Meyenburg v. Exxon Mobil Corp.*, 2006 WL 5062691 (S.D. Ill. June 5, 2006) (denying objections to settlement in an automotive, commercial and industrial lubricant class action); *Rinaldi v. Iomega Corp.*, 2001 WL 34890424, at *11 (Del. Super. Ct. June 29, 2001) (denying objections to settlement in a computer storage device class action); *Azizian v. Federated Dept. Stores*, 2007 W. 425850, at *2 (N.D. Cal. Feb. 8, 2007) (denying objectors' request for attorney's fees because attorney involvement did not sufficiently benefit class to warrant fees); *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 101 (2d Cir 2005) (denying objections to settlement in anti-trust class action against credit card companies Visa and MasterCard).

objection regarding the reasonableness of Class Counsel's fee request. Where $27 million was once reasonable, any more than $5.7 million he now contends is unreasonable.

In addition, Mr. Bacharach now argues that this Settlement is *not* a "mega-fund" comprised of the Class Settlement Fund, but a benefit comprised only of recovered interest and that Class Counsel should be awarded a fee based only on the $19 million in interest. Mr. Bacharach's inconsistency is noteworthy in its own right, but it is also beyond dispute that he is now pursuing arguments that he did not include in his May 15, 2013 written objection - and did not place before Magistrate Judge Tafoya for her, nor anyone else's, consideration. Because these new arguments were not "timely submitted" pursuant to paragraph 11 of this Court's Preliminary Approval order, those arguments, pursuant to that Order, are "deemed ineffective" and waived. Accordingly, pursuant to paragraph 11, Plaintiffs ask this Court to strike any argument made by Mr. Bacharach that deviates from his May 15, 2014 written objection.

### III. BACHARACH WAIVED ANY OBJECTION TO JUDGE TAFOYA'S REPORT AND RECOMMENDATION BECAUSE THE OBJECTION HE MADE TO THE R&R IS WITHOUT ANY RELATIONSHIP TO HIS ORIGINAL OBJECTION AND IS CONTRADICTED BY IT.

The scope of this Court's referral to Judge Tafoya of the motion for attorneys' fees was explicit: "The attorney fee disputes in this consolidated class action – including the Motion for Attorney Fees (Doc. 195) and the Motion to Strike (Doc. 208) – are referred to Magistrate Judge Tafoya for resolution and, if appropriate, for settlement." (D.E. 252 at 1.) The objections to Class Counsels' request for attorneys' fees were referred to Judge Tafoya in their entirety, including Mr. Bacharach's objections. Objector Bacharach did not file any additional (or modified) objections with Judge Tafoya, but rather relied on the objection originally filed May 15, 2013. And at this Court's September 3, 2014 hearing on attorney fees, Objector Bacharach's counsel Paul Rothstein appeared by telephone to discuss the R&R; and all parties agree that this

matter came before this Court on September 3 in the procedural posture of evaluating the objections to Judge Tafoya's R&R concerning Class Counsels' Petition for Attorneys' Fees.

It is an accepted maxim that "[j]udicial efficiency [] requires parties to present their arguments to the magistrate judge in the first instance, as the review procedure is not an opportunity to present new arguments not considered by the magistrate judge." *Petra Presbyterian Church v. Village of Northbrook*, 2004 WL 442630 at *2 (N.D. Ill. March 8, 2004). *See also Reciprocal Exchange v. Noland*, 542 F.2d 462, 464 (8th Cir. 1976) ("purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court."). Accordingly the Court should disregard these new arguments, and would be well within its discretion to do so. *Compare Amadasu v. Ngati*, 2012 WL 3930386 at *4 (E.D.N.Y. Sept. 9, 2012) (refusing to consider new evidence not presented to the magistrate where "Plaintiff does not claim any reasonable confusion or mistake, or any other barrier" to having presented the evidence to the Magistrate); *Harris v. McQuiggin*, 2011 WL 4572062 at *1 (W.D. Mich. Sept. 30, 2011) (declining to "consider this new evidence, or Harris' arguments based on this evidence, in its review of Harris' objections" to the R&R because "compelling reasons" for not having offered the evidence to the Magistrate had not been presented); *Joseph v. Newport Shores Mortgage, Inc.*, 2006 WL 418293 at *3 (N.D. Ga. Feb. 21, 2006) (refusing to consider evidence when that evidence "was available to [the objecting party] at the time" the issue had been briefed to the magistrate and where the objecting party "did not explain or justify why they failed to include this argument in their initial response").

Objector Bacharach's objection to Class Counsel's fee petition was predicated on his argument that the Class Settlement Fund was a "mega fund" and thus a lower percentage of the

fund should be awarded; he proposed 15% of $180 million, or $27 million. Judge Tafoya took a different view of the Class Settlement Fund than Class Counsel and awarded a percentage of the prospective relief rather than a percentage of the Class Settlement Fund. This resulted in a recommended award some $4 million *less* than Bacharach found reasonable. Bacharach objected anyway but on completely different grounds as recited above. His untimely and untethered objection is improper for all these reasons.

## CONCLUSION

Objector Bacharach's objection to Judge Tafoyas's Report and Recommendation is both untimely filed and advances new objections not made within the time for filing objections established by the Court's Order of Preliminary Approval. Class Counsel respectfully asks the Court to strike Objector Bachrach's objection to the R&R, and/or for such further relief as the Court deems appropriate.

**Dated:  September 17, 2014**          **Respectfully submitted,**

By:   ⎯⎯/s/ *Richard J. Burke* ⎯⎯⎯⎯⎯⎯
Richard J. Burke
**QUANTUM LEGAL LLC**
1010 Market Street, Suite 1310
St. Louis, Missouri  63101

and

Jeffrey A. Leon
Jamie E. Weiss
Grant Y. Lee
**QUANTUM LEGAL LLC**
513 Central Avenue, Suite 300
Highland Park, IL 60035
(847) 433-4500
*Lead Class Counsel*

Mitchell Baker
1543 Champa Street, Suite 400
Denver, CO  80202

Jonathan Shub
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19102

Seth A. Katz
**BURG SIMPSON ELDREDGE HERSH & JARDINE P.C.**
40 Inverness Drive East
Englewood, Colorado 80112

Jim S. Calton, Jr.
**CALTON LEGAL SERVICES, SP**
322 South Eufaula Avenue
Eufaula, AL 36027

James E. Cecchi
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068

*Class Counsel for Class Representative Plaintiffs and Settlement Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record. In addition I send a copy of the foregoing document via U.S. Mail to Paul Dorsey/Objector at 110 Westminster Drive, West Hartford, CT 06107 and via mail at p.dorsey@comcast.net.

___s/*Richard J. Burke*_____