**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. **09-cv-00938-JLK-KMT** (consolidated with No. 10-cv-00765-JLK)

**JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DELEON and YAMILET RODRIGUEZ**, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.**,

    Defendants.

**ORDER re Doc. 412 MOTION FOR INTERPRETATION OF SETTLEMENT AGREEMENT AND JUDGMENT**

Kane, J.

This case is before me on the Defendants' Motion for Interpretation of the Settlement Agreement and Judgment (Doc. 412). While I sympathize with Defendants' anxiety aroused by various States' objections and speculations of actions adverse to Defendants, there is no ambiguity presented in the Settlement Agreement or the Judgment, which is final. The issues raised by the States, as related by Defendants, do not preclude the funding of the Settlement Agreement. Indeed, Defendants must comply with the terms of the Settlement Agreement as it is written. The States were given an opportunity to intervene in this case when it was at issue and they chose not to do so. The

States are not parties to this action and never have been. It is not within the province of this court's jurisdiction to speculate about what some non-party might want to do at some undetermined date about a final judgment in a case in which such a non-party elected not to appear. Courts do not and should not render advisory judgments or decisions.

As related in Defendants' Motion, and the attendant briefs which I have studied, the States' claims and assertions appear meritless. There are no cognizable claims of any kind by the States to the Settlement Funds and, as the Settlement Agreement conditionally provides for application of the *cy pres* doctrine to any residual funds remaining after payment of the costs and claims of the Class Members, any interest the States may claim is merely an expectancy and not a claim of right. If and when any concrete claim of right accrues and is made, the matter will be considered on its merits. This Court retains jurisdiction and will act as necessary to enforce the Final Judgment.

The Motion for Interpretation (Doc. 412) is GRANTED as set forth in my comments above. To the extent the Motion calls for any additional rulings or substantive modifications of the Judgment, it is DENIED.

Dated September 21, 2015.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE