UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

JAMES P. TENNILLE, ROBERT SMET,
ADELAIDA DELEON and
YAMILET RODRIGUEZ,
Individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.

THE WESTERN UNION COMPANY and
WESTERN UNION FINANCIAL
SERVICES, INC.,

    Defendants.

Civil Action No. 09-cv-00938-JLK
*consolidated with*
No. 10-cv-00765-JLK

Hon. John L. Kane

---

John E. Anding (P30356)
Theodore J. Westbrook (P70834)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Sikora Nelson
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
(616) 454-8300
janding@dca-lawyers.com
twestbrook@dca-lawyers.com

---

## MOTION TO INTERVENE

Sikora Nelson, an unnamed member of the settlement class and objector to the class settlement proposed by the named parties to this action, hereby moves, by and through her counsel, Drew, Cooper & Anding, P.C. to intervene as a party plaintiff in this action, and states as follows:

1. On December 21, 2012, the named parties to this action proposed settlement-only class certification in connection with a proposed class-wide settlement of the case.

2. Nelson is a member of the proposed settlement class, having received a mailed notice of the proposed settlement and having been directly affected by the practice by Defendants the Western Union Company and Western Union Financial Services, Inc. (together "Western Union") of retaining uncompleted money transfer funds.

3. Specifically, two of Nelson's attempted money transfer transactions in 2013 were not completed, and Western Union neither informed Nelson of the failure of the funds to reach their intended recipient, nor refunded the money to Nelson. Western Union continues to hold these funds today.

4. Nelson objected to the class settlement proposed by the named parties, which provides in part for the disposition of funds belonging to Nelson that are held in Western Union's custody.

5. Nelson's objections were overruled by this Court on June 24, 2013, the settlement class was certified, and the proposed class settlement was approved.

6. Subsequently, the United States Court of Appeals for the Tenth Circuit affirmed. Nelson has petitioned the United States Supreme Court for a writ of certiorari to the Tenth Circuit to address whether the due process requirements of Federal Rule of Civil Procedure 23 were met in connection with class certification and approval of the proposed settlement in this case.

7. The named plaintiffs in this case have filed an "unopposed" motion to establish certain facts contrary to those stated in their Second Amended Complaint. (Doc. 418, "Motion;" *contra* Doc. 45 at 6-8.) The Tenth Circuit in its opinion relied on the allegations of Plaintiffs' Second Amended Complaint, *Tennille v. Western Union Co.*, 785 F.3d 422, 433, 434-35 (10th

Cir. 2015), and those facts form the basis for one of Nelson's Questions Presented to the Supreme Court.

8. Nelson opposes Plaintiffs' "unopposed" Motion for several reasons, including that making substantive findings of fact regarding class certification would exceed the scope of the Tenth Circuit's mandate; Plaintiffs are judicially estopped from establishing the alleged facts they are attempting to prove through their motion; the contrary facts are established under the law of the case doctrine; and the alleged facts cannot in any event be established absent an evidentiary hearing. Nelson intends to file a substantive opposition to Plaintiffs' Motion on these grounds not later than Friday, November 20, 2015—well within the period provided for responsive briefing for contested non-dispositive motions.

9. Nelson is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) because she claims an interest in the roughly $135 million in uncompleted transfer funds held by Western Union which the class settlement will dispose of. She is further entitled to intervene as of right because she holds claims against Western Union which would be extinguished by operation of the proposed settlement.

10. Because Plaintiffs' Motion is opposed and would affect Nelson's legal rights, Nelson requests that the Court hold a decision on that Motion in abeyance pending: (1) Nelson's Motion to Intervene; and (2) Nelson's substantive response to Plaintiffs' Motion.

11. Pursuant to Local Civil Rule 7.1(a), on November 16, 2015, Nelson's counsel attempted to confer by telephone with Plaintiffs' counsel regarding concurrence in the present Motion to Intervene, but was unable to reach Plaintiffs' counsel. Nelson also attempted to reach Plaintiffs' counsel via email, but was unable to ascertain whether Plaintiffs would oppose the relief requested in Nelson's present Motion.

WHEREFORE, for the foregoing reasons, Nelson requests that the Court grant her Motion, permit Nelson to intervene as a party plaintiff, and hold a decision on Plaintiffs' Motion in abeyance pending Nelson's Motion to Intervene and substantive opposition.

Respectfully submitted,

Dated: November 16, 2015

/s/ Theodore J. Westbrook
John E. Anding (P30356)
Theodore J. Westbrook (P70834)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Plaintiff-Objector Sikora Nelson
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
(616) 454-8300
janding@dca-lawyers.com
twestbrook@dca-lawyers.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 16, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Dated: November 16, 2015

/s/ Theodore J. Westbrook
John E. Anding (P30356)
Theodore J. Westbrook (P70834)
**DREW, COOPER & ANDING, P.C.**
Attorney for Class Member Sikora Nelson
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
(616) 454-8300
janding@dca-lawyers.com
twestbrook@dca-lawyers.com

I:\JEA_Team\3221-01\PLDG\Mot.Intervene(120)