IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-938,-JLK (consolidated with 10-cv-765-JLK)

**JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DELEON, and YAMILET RODRIGUEZ,** individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.,**

      Defendants.

_____

ORDER DENYING SETTLEMENT OBJECTOR NELSON'S MOTION
TO INTERVENE (Doc. 419)
_____

KANE, J.

Settlement Objector Sikora Nelson moves to intervene as a matter of right in this class action for equitable relief that was brought by Western Union customers nearly seven years ago and amicably settled in 2014. Because her motion is untimely, untoward, and prejudicial to class members who have been waiting years to effectuate the class action settlement while appeals, including Ms. Nelson's, have been pending, it is DENIED.

Ms. Nelson made her appearance in this case more than 2 ½ years ago, when she came in at the eleventh hour to object to the class action settlement that had been carefully negotiated by class counsel and the defendants after extensive litigation. Ms.

Nelson had her day in court and her objections were considered carefully and overruled. She pursued an appeal, which was rejected, which she continues to pursue before the Supreme Court. Because her appeal rests in part on the (erroneous) assertion – never raised in the trial court – that the named class representatives have already reclaimed their unclaimed money transfers so that they no longer adequately represent the class, the parties recently filed an unopposed motion to clarify the record (Doc. 418), which I granted. (Doc. 425.) Ms. Nelson moves to intervene in order to dispute the undisputed fact that no monies have yet been repatriated.

Rule 24(a) requires that motions to intervene be "timely," which courts evaluate under three factors: "(1) the length of time since the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010). Ms. Nelson's purported "interest" in this case is that settlement will dispose of "roughly $135 million in uncompleted transfer funds held by Western Union" which will thwart her ability to pursue independent claims against Western Union for those funds. Mot. (Doc. 419) at ¶ 9. Those interests were known to Ms. Nelson and her counsel more than 2 ½ years ago, when she received the Notice of Class Action Settlement that precipitated her objection, which was heard, rejected, and has already been rejected on appeal.

The parties to this action would be prejudiced if Ms. Nelson were permitted to intervene in a renewed and futile effort to thwart the settlement. Ms. Nelson will not be permitted, again, to hold hostage a settlement that was negotiated in good faith for the

benefit of thousands of past and future Western Union customers.

Ms. Nelson, who has always been represented by counsel, has had a full and fair opportunity to opt out of the class action settlement and pursue her own claims. Her objections to the settlement were fully heard and soundly rejected. Her contentions regarding the adequacy of the named representatives, besides being erroneous, are untimely and untoward. The class is ably represented by the named Plaintiffs and class counsel, and no useful purpose would be served by adding or changing them now. To put it succinctly, this train has left the station.

The Motion to Intervene by Objector Sikora Nelson (Doc. 419) is DENIED.

Dated this 21st day of December, 2015.

> *s/John L. Kane*
> SENIOR U.S. DISTRICT JUDGE