# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
### Judge John L. Kane

Civil Action No. 09-cv-00938-JLK, consolidated with No. 10-cv-00765-JLK

**JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DELEON, and YAMILET RODRIGUEZ**, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.,**

        Defendants.

---

### ORDER

---

       Before the Court is Class Representatives and Class Counsels' Motion to Approve the Trust Agreement (attached hereto as Exhibit A).  The Motion (Doc. 435) is GRANTED.

                 SO ORDERED:

                 _____
                 JOHN L. KANE
                 SENIOR U.S. DISTRICT COURT JUDGE

Dated:  January 27th, 2016

**EXHIBIT A**

# **TRUST AGREEMENT**

**THIS TRUST AGREEMENT** (the "Trust Agreement"), dated as of _____, 2016, is by and between Epiq Class Action & Claims Solutions, Inc., (the "Administrator"), Quantum Legal LLC f/k/a Complex Litigation Group, LLC (the "Lead Class Counsel"), and UMB Bank, N.A., a national banking association organized and existing under the laws of the United States of America, as trustee (the "Trustee") (together the Administrator, Lead Class Counsel, and Trustee are collectively the "Parties"):

**WHEREAS**, a class action lawsuit against The Western Union Company and Western Union Financial Services, Inc. (the "Defendants" or "Western Union"), styled *James P. Tennille, et al., v. The Western Union Company, et al.*, Case No. 09-cv-00938-JLK (consolidated with No. 10-cv-00765-JLK) (the "Litigation") was filed in the United States District Court for the District of Colorado (the "Court") by James P. Tennille, Robert Smet, Adelaida DeLeon, and Yamilet Rodriguez (the "Class Representatives") on behalf of themselves and all others similarly situated, seeking declaratory and other relief relating to the Defendants' handling of unclaimed money transfers ("Western Union Transactions");

**WHEREAS**, the Class Representatives, by and through the Class Counsel and Defendants have determined to resolve and settle the claims that have been brought and could have been brought in the Litigation pursuant to the terms of a Stipulation and Agreement of Compromise and Settlement, dated November 16, 2012 (the "Settlement Agreement");

**WHEREAS**, pursuant to the Settlement Agreement, there shall be established the Class Settlement Fund (the "Class Settlement Fund") which shall be a fund held by a depository institution as a trust account (and not a depository account) held by the Trustee;

**WHEREAS**, the Court issued its Amended Final Judgment and Order of Dismissal (the "Final Approval Order") on June 26, 2013, approving the Settlement Agreement and ordering the parties to implement and consummate the settlement according to the terms of the Settlement Agreement, including but not limited to creation of a Class Settlement Fund; and on May 1, 2015, the U.S. Court of Appeals for the Tenth Circuit affirmed the Court's approval of the Settlement Agreement;

**WHEREAS**, the Settlement Agreement provides that, subject to the Court's approval, if there are any monies remaining in the Class Settlement Fund after payment of all valid claims, administration fees, Class Representative incentive awards, and attorneys' fees and expenses, then any remaining monies and accumulated interest will be put into a *cy pres* fund pursuant to the Court's order to be managed by the Court pursuant to the Final Approval Order;

**WHEREAS,** the Court appointed Epiq Class Action & Claims Solutions, Inc., as the Administrator. In its Order, the Court granted the Administrator the authority to determine the eligibility of Class members to receive payment for valid claims and the amount of payment to be made to each Class member, to issue checks from the Class Settlement Fund to pay valid claims so determined, upon prior consent of Lead Class Counsel, and conduct any and all activities necessary to administer the settlement as set forth in the Settlement Agreement;

**WHEREAS,** Lead Class Counsel has designated that the Class Settlement Fund is to be held at UMB Bank, N.A., (the "Trustee") according to the terms of this Trust Agreement;

**WHEREAS**, the Lead Class Counsel has selected the Trustee to hold the Class Settlement Fund pursuant to the terms of this Trust Agreement and the Settlement Agreement, and the Trustee is willing to act in such capacity;

**WHEREAS,** the Court issued an Order on October 15, 2014 awarding attorneys' fees and expenses to Class Counsel and incentive awards to the Class Representatives, which the Settlement Agreement provides are to be paid from the Class Settlement Fund in the time and manner set forth in the Settlement Agreement; on November 17, 2015 the U.S. Court of Appeals for the Tenth Circuit dismissed the appeal by Defendants regarding this Order and on December 9, 2015 issued a mandate; the October 15, 2014 order is not subject to further appeal;

**WHEREAS,** pursuant to the Settlement Agreement, not later than ten business days after the Settlement Effective Date, Defendants shall deliver to the Trustee the amount equal to the Class members' unredeemed money transfer funds, less administrative fees and charges as specified in the Class members' contracts and/or permitted by state statutes, held by Western Union on June 25, 2013, ("Class Funds"), for deposit into the Class Settlement Fund (the "Trust Property");

**WHEREAS,** the Administrator is authorized, upon final distribution of all monies paid into the Class Settlement Fund, to take appropriate steps to wind down the Class Settlement Fund, and thereafter the Administrator is discharged from any further responsibility with respect to the Class Settlement Fund; and

**NOW THEREFORE**, for and in consideration of the mutual promises and covenants herein contained, the receipt and sufficiency of which are hereby acknowledged, Lead Class Counsel and the Trustee agree to the terms of this Trust Agreement as follows:

1.     **Trustee.** Lead Class Counsel hereby appoints the Trustee under this Trust Agreement and the Trustee accepts such appointment and agrees to perform the duties of the Trustee as hereinafter specified. The Trustee is not a party to or bound by any agreement except this Trust Agreement.  This Trust Agreement may be amended by

written consent of all Parties.  The Trustee may agree to assume additional duties through an amendment to this Trust Agreement.

**2.** **Operation of the Class Settlement Fund.** Upon execution of this Trust Agreement, the Trustee shall establish the Class Settlement Fund as a trust account, and not a deposit account.  The Class Settlement Fund shall not include any funds deemed abandoned or unclaimed under the abandoned or unclaimed property laws of any state, district, territory, or U.S. jurisdiction. Lead Class Counsel and the Administrator agree that any Defendants' transfer of Class Funds to the Trustee before the Settlement Effective Date, as defined by the Settlement Agreement, is without prejudice to Defendants. Lead Class Counsel will provide to the Trustee a notice that the Settlement Effective Date has occurred. The Trust Property shall be disbursed in accordance with this Trust Agreement and no funds can be disbursed from the Class Settlement Fund except as provided in Section 3, below.

**3.** **Disbursements.**

    (a)    The Trustee shall disburse funds from the Trust Property in the following circumstances:

        (i) Immediately upon Western Union's deposit into the Class Settlement Fund, and not later than three calendar days after that deposit, the Trustee shall disburse to Western Union the amount of $1,301,500.00 for the reimbursement of funds deposited into the Initial Settlement Fund and associated costs, pursuant to Section 2.A.3 of the Settlement Agreement; and

        (ii) Funds from the Trust Property shall be disbursed by the Trustee after receiving any of the following notices ("Disbursement Notices"), which the sending Party shall concurrently send to the other Parties and Western Union:

            (A) a "Notice of Administrator Disbursement," substantially in the form of Exhibit C-1, which Lead Class Counsel may deliver to the Trustee after the Settlement Effective Date, as defined by the Settlement Agreement, has occurred and the Court has entered an order approving the periodic expenses of the Administrator in accordance with section 3.B of the Settlement Agreement, providing for the payment of the Administrator's reasonable expenses;

            (B) a "Notice of Class Disbursement," substantially in the form of Exhibit C-2, which the Administrator, with the prior consent from Lead Class Counsel, may deliver to the Trustee after the Settlement Effective Date, as defined by the Settlement Agreement, has occurred;

(C) a "Notice of Tax Obligation Disbursements," substantially in the form of Exhibit C-3, which Lead Class Counsel may deliver to the Trustee before or after the Settlement Effective Date, as defined by the Settlement Agreement, has occurred, providing for (1) the reimbursement of the Administrator's costs associated with the filing of tax returns on the funds, not to exceed $2,500.00 per year; and (2) the disbursement to taxing authorities to satisfy tax obligations;

(D) a "Notice of Final Rejection Disbursement," substantially in the form of Exhibit C-4, providing for the return to Defendants of all remaining Trust Property, which Lead Class Counsel must deliver to the Trustee within three days of the Final Approval Order being set aside, materially modified, vacated, or reversed or not fully reinstated by the Court or any other court; Along with the Notice of Final Rejection Disbursement, Lead Class Counsel will provide Trustee with a copy of the court's order so stating that the Final Approval Order has been set aside, materially modified, vacated, reversed, or not fully reinstated;

(E) a "Notice of Class Counsel Fees and Expenses Disbursement," substantially in the form of Exhibit C-5, which Lead Class Counsel may deliver to the Trustee if (1) the Settlement Effective Date, as defined by the Settlement Agreement or Court order, has occurred; (2) the notice states the amount the Court's judgment awarded for attorneys' fees and expenses; and (3) Defendants have deposited funds into the Class Settlement Fund. Along with the Notice of Class Counsel Fees and Expenses Disbursement, Lead Class Counsel will also deliver the Court's order awarding the amount of attorneys' fees and expenses;

(F) a "Notice of Incentive Award Disbursement," substantially in the form of Exhibit C-6, providing for the payment of incentive awards to Class Representatives pursuant to Section 4 of the Settlement Agreement, which Lead Class Counsel may deliver to the Trustee if (1) the Settlement Effective Date, as defined by the Settlement Agreement; (2) the notice states the amount of the Court's judgment awarded for incentive awards to Class Representatives; and (3) Defendants have deposited funds into the Class Settlement Fund. Along with the Notice of Incentive Award Disbursement, Lead Class Counsel will also deliver the Court's order awarding the amount of incentive awards; or

(G) a "Notice of *Cy Pres* Disbursement," substantially in the form of Exhibit C-7, providing for the payment of any remaining funds into the *cy pres* fund pursuant to Section 6 of the Settlement Agreement, which Lead Class Counsel may deliver to the Trustee if the Settlement Effective Date, as defined by the Settlement Agreement or Court Order, has occurred.

(b) The provisions of Section 3(a)(ii) are set forth solely to establish, as between the Parties, the right of Lead Class Counsel and the Administrator to deliver any Disbursement Notice hereunder. The Trustee shall have no obligation to inquire as to the right of either Party to send any such Disbursement Notice and shall be entitled to rely upon any such Disbursement Notice.

(c) Not less than five business days and not more than seven business days following the receipt by Trustee of such Disbursement Notice, the Trustee shall remit the Trust Property (or the portion thereof specified by such Disbursement Notice or request) in accordance with such Disbursement Notice. The Trustee shall be able to rely upon all Disbursement Notices received by it as true and correct and shall have no duty to further investigate or perform due diligence that such Disbursement Notices are in accordance with the terms of the Settlement Agreement.

(d) The Trustee shall make disbursements from Trust Property as the Court so orders.

(e) If any state, territory, district or U.S. jurisdiction has asserted a claim against Western Union relating to the funds in the Class Settlement Fund, the Administrator shall inform the Trustee, who, within seven business days, shall deposit those funds into a separate fund established by the Administrator for indemnification of Western Union under paragraph 32 of the Final Approval Order. In the event that such a deposit is necessary, the Administrator shall provide the Trustee with a "Notice of Deposit Into Separate Fund," substantially in the form of Exhibit C-8, which shall identify the amount of funds to be deposited in the separate account. Any objection or dispute related to this disbursement provision, such as whether a claim has been made or the amount to be deposited, will be resolved between the Administrator, Lead Class Counsel and Western Union before the Court. The Trustee shall not be a party to that proceeding and will follow the instructions of the Administrator with respect to effectuating any order of the Court.

**4.    Security Procedure For Funds Transfers**.  The Trustee shall confirm the first funds transfer instruction received in the name of Lead Class Counsel by means of the

security procedure selected by Lead Class Counsel and communicated to the Trustee through a signed certificate in the form of Exhibit B attached hereto, which upon receipt by the Trustee shall become a part of this Trust Agreement. Once delivered to the Trustee, Exhibit B may be revised or rescinded only by a writing signed by an authorized representative of Lead Class Counsel. Such revisions or rescissions shall be effective only after actual receipt and following such period of time as may be necessary to afford the Trustee a reasonable opportunity to act on it. If a revised Exhibit B or a rescission of an existing Exhibit B is delivered to the Trustee Agent by an entity that is a successor-in-interest to Lead Class Counsel, such document shall be accompanied by additional documentation satisfactory to the Trustee showing that such entity has succeeded to the rights and responsibilities of Lead Class Counsel under this Trust Agreement.

Lead Class Counsel understands that the Trustee's inability to receive or confirm funds transfer instructions pursuant to the security procedure selected by Lead Class Counsel may result in a delay in accomplishing such funds transfer, and agree that the Trustee shall not be liable for any loss caused by any such delay.

Trustee shall separately confirm funds transfer instructions with the contact persons identified for Western Union in Section 24(d) for the transfer of funds to Western Union pursuant to Sections 3(a)(i) and 3(d).

**5.    Income Tax Allocation and Reporting.**

(a) The Parties agree that, for tax reporting purposes, all interest and other income from investment of the Trust Property shall, as of the end of each calendar year and to the extent required by the Internal Revenue Service, be reported as having been earned by the Trust, whether or not such income was disbursed during such calendar year. The Administrator shall file any federal, state, or local tax forms or returns, as legally required, necessary to report payments made from the Class Settlement Fund or income earned by the Class Settlement Fund.

(b) Prior to the date hereof, the Parties shall provide the Trustee with certified tax identification numbers by furnishing appropriate forms W-9 or W-8 and such other forms and documents that the Trustee may request. The Parties understand that if such tax reporting documentation is not provided and certified to the Trustee, the Trustee may be required by the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, to withhold a portion of any interest or other income earned on the investment of the Trust Property. Prior to making any distribution or payment to any party the Trustee must receive a current W-9 or W-8 for such party in order to comply with current regulations on the Trustee. It shall be the responsibility of the parties receiving distribution to provide such W-9 or W-8 and Trustee shall not be responsible for delay in distribution due to it not receiving any information needed.

(c) To the extent that the Trustee becomes liable for the payment of any taxes in respect of income derived from the investment of the Trust Property, the Trustee shall satisfy such liability to the extent possible from the Trust Property. The Administrator shall indemnify, defend and hold the Trustee harmless from and against any tax, late payment, interest, penalty or other cost or expense that may be assessed against the Trustee on or with respect to the Trust Property and the investment thereof unless such tax, late payment, interest, penalty or other expense was directly caused by the gross negligence or willful misconduct of the Trustee. The indemnification provided by this Section 5(c) is in addition to the indemnification provided in Section 8 and shall survive the resignation or removal of the Trustee and the termination of this Trust Agreement.

**6.     Duties and Responsibilities of Trustee.** The Trustee shall exercise the same degree of care in the safekeeping of all cash and securities at any time held in the Class Settlement Fund as the Trustee normally exercises in the care of its own cash. The Trustee will receive delivery of and keep safely the cash which is delivered to it from time to time hereunder.  The Trustee will not deliver, assign, pledge or hypothecate any of such cash to any person.  The Trustee is responsible for the securities or cash delivered to it by the Administrator or any third party only until such securities have been transmitted to and received by other persons at the direction of the Parties. The Trustee shall provide an accounting of Trust Property upon the request of Lead Class Counsel or Western Union, or upon a Court order.

**7.     Investments.** The funds held by the Trustee shall be invested in instruments backed by a collateral pledge, which consists of the Trustee's on-balance sheet investment product identified in Exhibit D. The Trustee shall be entitled to sell or redeem any such investment as necessary to make any distributions required under this Trust Agreement and shall not be liable or responsible for any loss resulting from any such sale or redemption. Income, if any, resulting from the investment of the Class Settlement Funds shall be retained by the Trustee and shall be considered, for all purposes of this Trust Agreement, to be part of the Class Settlement Fund.

**8.     Indemnification.**

(a) Lead Class Counsel agrees to indemnify and hold the Trustee harmless from all loss, cost, damages, fees and expenses, including, without limitation, attorneys' fees suffered or incurred by the Trustee as a result of its duties under this Agreement except for Trustee's duties related to providing the disbursements described in Sections 3(a)(ii)(B) and 3(e), provided, however, the Trustee shall not be entitled to indemnification from its own gross negligence or willful misconduct. In no event shall the Trustee be liable for indirect, punitive, consequential or special damages.

(b) The Administrator agrees to indemnify and hold the Trustee harmless from all loss, cost, damages, fees and expenses, including, without limitation, attorneys'

fees suffered or incurred by the Trustee as a result of its duties under this Agreement related to providing the disbursement and deposit described in Section 3(a)(ii)(B) and 3(e), provided, however, the Trustee shall not be entitled to indemnification from its own gross negligence or willful misconduct.

**9.     Documents.** The Trustee shall be protected in acting upon any written notice, request, waiver, consent, certificate, receipt, opinion of counsel, authorization, power of attorney or other paper or document which the Trustee in good faith believes to be genuine and what it purports to be. Lead Class Counsel and the Administrator shall deliver to the Trustee written authorization designating the representatives of those Parties, authorized to issue written instructions to the Trustee on behalf of the Parties. The Trustee shall receive and accept such written authorization as conclusive evidence of such authority of such individuals until the Trustee receives written notice to the contrary from a Party.

**10.     Limited Liability**. The Trustee shall not be liable for anything which it may do or refrain from doing in connection herewith, except its own gross negligence or willful misconduct.  The Trustee shall not be responsible or liable for any failure or delay in the performance of its obligations under this Trust Agreement arising out of or caused directly or indirectly by, circumstances beyond its control, including, without limitation, act of God, earthquakes; fires; floods; wars; civil or military disturbance; sabotage; epidemics; riots; interruptions, loss or malfunctions of utilities or communication services; accidents; labor disputes; acts of civil or military authority;  governmental action; or inability to obtain labor, material, equipment or transportation.

**11.     Legal Counsel.** The Trustee may consult with legal counsel in the event of any dispute or question as to the construction of any of the provisions hereof or its duties hereunder, and it shall incur no liability and shall be fully protected in acting in good faith in accordance with the advice or written opinion or instructions of such counsel.

**12.     Dispute.** In the event of any disagreement between the Trustee and any other person, resulting in adverse claims and demands being made in connection with or for any papers, money or property involved herein, or affected hereby, the Trustee shall be entitled to refuse to comply with any demand or claim, as long as such disagreement shall continue, and in so refusing to make any delivery or other disposition of any money, papers or property involved or affected hereby, the Trustee shall not be or become liable to the Parties or to any person named in such instructions for its refusal to comply with such conflicting or adverse demands, and the Trustee shall be entitled to refuse and refrain to act until:

(a)  The rights of the adverse claimants shall have been fully and finally adjudicated in the United States District Court for the District of Colorado, which court has jurisdiction of the parties and money, papers and property involved herein or affected hereby; or

(b) All differences shall have been adjusted by agreement and the Trustee shall have been notified thereof in writing, signed by all the parties interested.

**13.** **Resignation of Trustee.** The Trustee may resign or be removed, at any time, for any reason, by written notice of its resignation or removal to the proper parties at their respective addresses as set forth herein, at least 30 days before the date specified for such resignation or removal to take effect. Upon the effective date of such resignation or removal:

(a) All funds then held by the Trustee hereunder shall be delivered by it to such successor trustee as may be designated in writing by Lead Class Counsel, whereupon the Trustee's obligations hereunder shall cease and terminate;

(b) If no such successor trustee has been designated by such date, all obligations of the Trustee hereunder shall, nevertheless, cease and terminate, and the Trustee's sole responsibility thereafter shall be to keep all property then held by it and to deliver the same to a person designated in writing by Lead Class Counsel and the Defendants, and in accordance with the directions of an Order of the Court; and

(c) Further, if no such successor trustee has been designated by such date, the resigning or removed Trustee may petition the Court for the appointment of a successor custodial agent; further the resigning or removed Trustee may pay into the Court all monies, securities and property deposited with Trustee under this Trust Agreement.

**14.** **Statements.** The Trustee will maintain records of all transactions and assets held in the Class Settlement Fund and will provide monthly statements of transactions and assets to Lead Class Counsel and the Administrator. Lead Class Counsel  and the Administrator shall promptly review the account statement provided by the Trustee and, no later than the 20th business day of the month, advise Trustee of any errors it finds on said account statements or that the account statements have not been received.

**15.** **Severability.** Any invalidity, in whole or in part, of any provision of this Trust Agreement shall not affect the validity or enforceability of any other provisions of this Trust Agreement.

**16.** **Fees and Expenses.** Trustee shall be entitled to fees and expenses for its regular services as Trustee (attached hereto as Exhibit A). Additionally, Trustee is entitled to reasonable fees for extraordinary services and reimbursement of any reasonable out of pocket and extraordinary costs and expenses, including, but not limited to, reasonable attorneys' fees. Trustee shall have a first lien upon all monies and securities deposited with it for the purposes of paying its fees and expenses. All of the Trustee's compensation, costs and expenses shall be paid from the Trust Property subject  to approval of the Lead Class Counsel. The Trustee reserves the right to amend its fee

arrangement in the event of a change to the structure of the Trust, the Investment of the funds or a change in its duties as related to the Trust. Such amendment shall be by agreement of the Lead Class Counsel.

17.  **Termination.** This Trust Agreement shall be terminated upon disbursement of the funds held hereunder and may be terminated prior to that date by written mutual consent signed by the Trustee and the Lead Class Counsel. Any termination by mutual consent shall be effective on the date specified in the termination document, or, if not specified, then on the date when signed by the Trustee and Lead Class Counsel.

18.  **Non-Waiver.** No failure by any Party to insist upon compliance with any term of this Trust Agreement, to exercise any option, enforce any right or seek any remedy upon any default of any other Party shall effect or constitute a waiver of the first Party's right to insist upon such strict compliance, exercise that option, enforce that right, or seek that remedy with respect to that default or any prior, contemporaneous, or subsequent default. No custom or practice of the Party's at variance with the provisions of this Trust Agreement shall constitute a waiver of, any party's right to demand strict compliance with all provisions of this Trust Agreement.

19.  **Entire Agreement.** This Trust Agreement contains all of the terms agreed upon by the Parties with respect to this Trust Agreement. The Trustee is not a party to any other agreement between the Administrator and any other parties, and the Trustee's duties shall be determined solely by reference to this Trust Agreement.

20.  **Successors and Assigns.** This Trust Agreement and all actions taken hereunder in accordance with its terms shall be binding upon and inure to the benefit of the Trustee and the Administrator and their respective successors and assigns.

21.  **Governing Law.** This Trust Agreement shall be construed and enforced in accordance with the laws of the State of Colorado.

22.  **Counterparts.** This Trust Agreement may be executed in one or more counterparts with the same effect as if signatures and all counterparts are upon the same instrument.

23.  **Amendment of Agreement.** The Trustee shall not be bound by any amendment of this Trust Agreement and no amendment shall be effective unless:

   (a)  The amendment is in writing; and
   (b)  The amendment is agreed to by the Parties.

24.  **Notices.** All notices shall be deemed conclusively to have been given if the same is in writing, signed by any one of its officers and delivered by electronic mail and one of the following means: (1) U.S. Postal Service Priority Mail Express, (2) same-day hand

delivery, or (3) FedEx overnight mail,  to an authorized representative of the addressee at the following notice address.

| | | |
|---|---|---|
| (a) | If to the Trustee: | UMB Bank, N.A., as Trustee<br>ATTN:  Pat Peters<br>1670 Broadway<br>Denver, CO 80202<br>(303) 764-3604<br>patricia.peters@umb.com |
| (b) | If to the Administrator: | Epiq Class Actions & Claims<br>Solutions, Inc.<br>10300 S.W. Allen Blvd.<br>Beaverton, OR 97005 |
| (c) | If to the Lead Class Counsel: | Jamie Weiss<br>Quantum Legal LLC<br>513 Central Ave., Suite 300<br>Highland Park, Illinois, 60035<br>(847) 433-4500<br>Jamie@qulegal.com |
| (d) | If to Western Union: | Jason Yurasek<br>The JY Firm<br>6 Boston Ship PLZ<br>San Francisco, CA 94111<br>Jason@thejyfirm.com<br><br>and<br><br>Thomas Barba<br>Steptoe & Johnson LLP<br>1330 Connecticut Ave., NW<br>Washington, D.C. 20036<br>tbarba@steptoe.com |

**25.** **Patriot Act Compliance**. In order to comply with provisions of the USA Patriot Act of 2001, as amended from time to time, the Trustee may require the Parties to provide the Trustee with certain information and/or documentation to verify, confirm and record identification of persons or entities who are Parties to this Trust Agreement. The Parties hereto agree that, for tax reporting purposes, all interest or other income, if any, attributable to the Class Settlement Fund or any other amount held by the Trustee pursuant to this Trust Agreement shall be allocable to the Class Settlement Fund. The Parties agree to provide the Trustee completed Forms W-9 (or Forms W-8, in the case of

non-U.S. persons) and other forms and documents for the Administrator of the Class Settlement Fund that the Trustee may reasonably request (collectively, "Tax Reporting Documentation"). The Parties hereto understand that if such Tax Reporting Documentation is not so certified to the Trustee, the Trustee may be required by the Internal Revenue Code, as it may be amended from time to time, to withhold a portion of any interest or other income earned on the investment of monies or other property held by the Trustee pursuant to this Trust Agreement. The Administrator shall handle all tax reporting necessary for claimants paid pursuant to this Trust Agreement and the Settlement Agreement to whom payment is made  from the Class Settlement Fund.

**26.      IN WITNESS WHEREOF**, the Parties hereto have each caused this Trust Agreement to be executed on their behalf as of the date first above written.


UMB BANK, N.A., as Trustee

By:  _____
      Casey Gunning
       Senior Vice President


Quantum Legal LLC, as Lead Counsel

By _____
Name: _____
Title: _____


Epiq Class Action & Claims Solutions, Inc., as Administrator

By _____
Name: _____
Title: _____

<u>EXHIBIT A</u>

TRUSTEE FEES AND EXPENSES

**Acceptance Fee**                                                    $5,000.00
         Drafting of Trust Agreement and establish account

**Annual Trustee Fee**                                               $7,500.00


Fees specified are for the regular, routine services contemplated by the Agreement, and any additional or extraordinary services, including, but not limited to disbursements involving a dispute or arbitration, or administration while a dispute, controversy or adverse claim is in existence, will be charged based upon time required at the then standard hourly rate. In addition to the specified fees, all expenses related to the administration of the Agreement (other than normal overhead expenses of the regular staff) such as, but not limited to, reasonable travel, postage, shipping, courier, telephone, facsimile, supplies, legal fees, accounting fees, etc., will be reimbursable.

<u>EXHIBIT B</u>

Quantum Legal LLC ("Lead Class Counsel") certifies that the names, titles, telephone numbers, e-mail addresses and specimen signatures set forth in Parts I and II of this Exhibit B identify the persons authorized to provide direction and initiate or confirm transactions, including funds transfer instructions, on behalf of Lead Class Counsel, and that the option checked in Part III of this Exhibit B is the security procedure selected by Lead Class Counsel for use in verifying that a funds transfer instruction received by the Trustee is that of Lead Class Counsel.

Lead Class Counsel has reviewed each of the security procedures and has determined that the option checked in Part III of this Exhibit B best meets its requirements; given the size, type and frequency of the instructions it will issue to the Trustee. By selecting the security procedure specified in Part III of this Exhibit B, Lead Class Counsel acknowledges that it has elected to not use the other security procedures described and agrees to be bound by any funds transfer instruction, whether or not authorized, issued in its name and accepted by the Trustee in compliance with the particular security procedure chosen by Lead Class Counsel.

<u>NOTICE</u>: The security procedure selected by Lead Class Counsel will not be used to detect errors in the funds transfer instructions given by Lead Class Counsel. If a funds transfer instruction describes the beneficiary of the payment inconsistently by name and account number, payment may be made on the basis of the account number even if it identifies a person different from the named beneficiary. If a funds transfer instruction describes a participating financial institution inconsistently by name and identification number, the identification number may be relied upon as the proper identification of the financial institution. Therefore, it is important that Lead Class Counsel take such steps as it deems prudent to ensure that there are no such inconsistencies in the funds transfer instructions it sends to the Escrow Agent.

**Part I**

**Name, Title, Telephone Number, Electronic Mail ("e-mail") Address and Specimen Signature for person(s) designated to provide direction, including but not limited to funds transfer instructions, and to otherwise act on behalf of Lead Class Counsel**

| <u>Name</u> | <u>Title</u> | <u>Telephone Number</u> | <u>E-mail Address</u> | <u>Specimen Signature</u> |
|---|---|---|---|---|
| Jamie Weiss | Partner | 847-433-4500 | jamie@qulegal.com | _____ |

**Part II**

**Name, Title, Telephone Number and E-mail Address for person(s) designated to confirm funds transfer instructions**

| <u>Name</u> | <u>Title</u> | <u>Telephone Number</u> | <u>E-mail Address</u> |
|---|---|---|---|
| Jamie Weiss | Partner | 847-433-4500 | jamie@qulegal.com |

**Part III**

**Means for delivery of instructions and/or confirmations**

The security procedure to be used with respect to funds transfer instructions is checked below:

☐ *Option 1. Confirmation by telephone call-back*. The Trustee shall confirm funds transfer instructions by telephone call-back to a person at the telephone number designated on Part II above. The person confirming the funds transfer instruction shall be a person other than the person from whom the funds transfer instruction was received, unless only one person is designated in both Parts I and II of this Exhibit B.

    ☐ CHECK box, if applicable:
        If the Trustee is unable to obtain confirmation by telephone call-back, the Trustee may, at its discretion, confirm by e-mail, as described in Option 2.

☐ *Option 2. Confirmation by e-mail*. The Trustee shall confirm funds transfer instructions by e-mail to a person at the e-mail address specified for such person in Part II of this Exhibit B. The person confirming the funds transfer instruction shall be a person other than the person from whom the funds transfer instruction was received, unless only one person is designated in both Parts I and II of this Exhibit B. Lead Class Counsel understands the risks associated with communicating sensitive matters, including time sensitive matters, by e-mail. Lead Class Counsel further acknowledges that instructions and data sent by e-mail may be less confidential or secure than instructions or data transmitted by other methods. The Trustee shall not be liable for any loss of the confidentiality of instructions and data prior to receipt by the Trustee.

    ☐ CHECK box, if applicable:
        If the Trustee is unable to obtain confirmation by e-mail, the Trustee may, at its discretion, confirm by telephone call-back, as described in Option 1.

☐ *Option 3. Delivery of funds transfer instructions by password protected file transfer system only - no confirmation*. The Trustee offers the option to deliver funds transfer instructions through a password protected file transfer system. If Lead Class Counsel wishes to use the password protected file transfer system, further instructions will be provided by the Trustee. If Lead Class Counsel chooses this Option 3, it agrees that no further confirmation of funds transfer instructions will be performed by the Trustee.

☐ *Option 4. Delivery of funds transfer instructions by password protected file transfer system with confirmation*. Same as Option 3 above, but the Trustee shall confirm funds transfer instructions by ☐ telephone call-back or ☐ e-mail (must check at least one, may check both) to a person at the telephone number or e-mail address designated on Part II above. By checking a box in the prior sentence, the party shall be deemed to have agreed to the terms of such confirmation option as more fully described in Option 1 and Option 2 above.

**Dated this_____day of_____2016.**

**By _____**
**Name: Jamie Weiss**
**Title: Lead Class Counsel**

<u>EXHIBIT C-1</u>

**NOTICE OF ADMINISTRATOR DISBURSEMENT**

UMB Bank, a National Association

_____

_____

**Notice of Administrator Disbursement
under Trust Agreement dated_____, 2016
among Quantum Legal LLC ("Lead Class Counsel"), Epiq Class Action & Claims
Solutions, Inc. ("Administrator"),
and UMB BANK, N.A., as Trustee**

Reference is made to the Trust Agreement as defined above (as amended, supplemented, restated or otherwise modified from time to time, the **"Trust Agreement"**). As used in this Notice, capitalized terms defined in the Trust Agreement that are not otherwise defined herein shall have the meanings given them in the Trust Agreement.

This is a Notice of Administrator Disbursement, as defined in the Trust Agreement.

Lead Class Counsel hereby directs the Trustee to remit to the Administrator in immediately available funds from the Trust Property directed as set forth below, $_____.

Lead Class Counsel certifies that on_____, the Court entered an order approving the payment of the Administrator's expenses requested in this Disbursement Notice.

The amount to be remitted hereunder should be remitted as follows:

_____

ABA             Routing             Number: _____

_____ Account

Name: _____

Account Number: _____

Ref: _____

Very truly yours,

_____

By _____

Name: _____

Title: _____

<u>EXHIBIT C-2</u>

**NOTICE OF CLASS DISBURSEMENT**

UMB Bank, a National Association

_____

_____

**Notice of Class Disbursement**
**under Trust Agreement dated_____, 2016**
**among Quantum Legal LLC ("Lead Class Counsel"), Epiq Class Action & Claims**
**Solutions, Inc. ("Administrator"),**
**and UMB BANK, N.A., as Trustee**

Reference is made to the Trust Agreement as defined above (as amended, supplemented, restated or otherwise modified from time to time, the **"Trust Agreement"**). As used in this Notice, capitalized terms defined in the Trust Agreement that are not otherwise defined herein shall have the meanings given them in the Trust Agreement.

This is a Notice of Class Disbursement, as defined in the Trust Agreement.

The Administrator has completed its review of the eligibility of Class members' claims and is prepared to proceed with the payment of the valid claims in accordance with the Settlement Agreement and Court orders.

The Administrator hereby provides notice that it will promptly begin issuing checks as reimbursement for valid claims. Those checks with be drawn upon Trust Property. Pursuant to the terms of the Settlement Agreement, the Administrator certifies that it has received the prior consent of Lead Class Counsel to proceed with issuing the checks.

A total of $_____in valid claims will be reimbursed from the Trust Property.

_____

ABA          Routing          Number: _____

_____ Account

Name: _____

Account Number: _____

Ref: _____

Very truly yours,

_____

By _____

Name: _____

Title: _____

<u>EXHIBIT C-3</u>

**NOTICE OF TAX OBLIGATION DISBURSEMENTS**

UMB Bank, National Association

_____

_____

**Notice of Tax Obligation Disbursements under Trust Agreement dated _____ ___, 2016 among Quantum Legal LLC ("Lead Class Counsel"), Epiq Class Action & Claims Solutions, Inc. and UMB BANK, N.A., as Trustee**

Reference is made to the Trust Agreement as defined above (as amended, supplemented, restated or otherwise modified from time to time, the **"Trust Agreement"**). As used in this Notice, capitalized terms defined in the Trust Agreement that are not otherwise defined herein shall have the meanings given them in the Trust Agreement.

This is a Notice of Tax Obligation Disbursements, as defined in the Trust Agreement.

Lead Class Counsel hereby directs the Trustee to remit to the Administrator in immediately available funds from the Trust Property directed as set forth below, $_____for (a) the reimbursement of the Administrator's costs associated with the filing of tax returns on the funds; and (b) the disbursement to taxing authorities to satisfy tax obligations, as set forth in Section 3.A of the Settlement Agreement.

The amount to be remitted hereunder should be remitted as follows:

_____
ABA           Routing          Number: _____
_____ Account
Name: _____
Account Number: _____
Ref: _____

Very truly yours,

_____

By _____
Name: _____
Title: _____

18

<u>EXHIBIT C-4</u>

**NOTICE OF FINAL REJECTION DISBURSEMENT**

UMB Bank, a National Association

_____

_____

**Notice of Final Rejection Disbursement**
**under Trust Agreement dated -_____, 2016**
**among Quantum Legal LLC  ("Lead Class Counsel"), Epiq Class Action & Claims**
**Solutions, Inc.**
**and UMB BANK, N.A., as Trustee**

Reference is made to the Trust Agreement as defined above (as amended, supplemented, restated or otherwise modified from time to time, the **"Trust Agreement"**). As used in this Notice, capitalized terms defined in the Trust Agreement that are not otherwise defined herein shall have the meanings given them in the Trust Agreement.

This is a Notice of Final Rejection Disbursement, as defined in the Trust Agreement.

Lead Class Counsel hereby directs the Trustee to remit to Western Union, in immediately available funds directed as set forth below, the entire Trust Property, less the amount of any fees and expenses to which the Trustee Agent is entitled through the date of such remittance.

Lead Class Counsel certifies that the Final Approval Order has been set aside, materially modified, vacated, reversed, or not fully reinstated by the Court or any other court.

The Trust Property and such other property should be remitted as follows:

_____
ABA            Routing            Number: _____
_____ Account
Name: _____
Account Number: _____
Ref: _____

Very truly yours,


By _____
Name: _____
Title: _____

<u>EXHIBIT C-5</u>

**NOTICE OF CLASS COUNSEL FEES AND EXPENSES DISBURSEMENT**

UMB Bank, National Association

_____

_____

**Notice of Class Counsel Fees and Expenses Disbursement under Trust Agreement
dated_____,____, 2016 among Quantum Legal LLC ("Lead Class Counsel"),
Epiq Class Action & Claims Solutions, Inc.
and UMB BANK, N.A., as Trustee**

Reference is made to the Trust Agreement as defined above (as amended, supplemented, restated or otherwise modified from time to time, the **"Trust Agreement"**). As used in this Notice, capitalized terms defined in the Trust Agreement that are not otherwise defined herein shall have the meanings given them in the Trust Agreement.

This is a Notice of Class Counsel Fees and Expenses, as defined in the Trust Agreement.

Lead Class Counsel hereby directs the Trustee to remit to Lead Class Counsel, in immediately available funds directed as set forth below, the amount of attorneys' fees and expenses as awarded by the Court, $_____.

Lead Class Counsel certifies that (i) the Settlement Effective Date, as defined in the Settlement Agreement, or Court Order, has occurred, (ii) this notice correctly states the amount the Court's judgment awarded for attorneys' fees and expenses; (iii) the time to appeal or seek permission to appeal from the Court's order approving the attorneys' fees and expenses has expired, or if appealed, the Court's order approving the attorneys' fees and expenses has been affirmed in its entirety by the court of last resort to which such appeal has been taken and all appeals have been exhausted.

The Trust Property and such other property should be remitted as follows:

_____

ABA            Routing            Number: _____
_____ Account
Name: _____
Account Number: _____
Ref: _____

Very truly yours,

_____

By _____
Name: _____
Title: _____

<u>EXHIBIT C-6</u>

## NOTICE OF INCENTIVE AWARD DISBURSEMENT

UMB Bank, National Association

_____

_____

**Notice of Incentive Award Disbursement under Trust Agreement dated_____,**
**____, 2016 among Quantum Legal LLC ("Lead Class Counsel"), Epiq Class Action**
**& Claims Solutions, Inc.**
**and UMB BANK, N.A., as Trustee**

Reference is made to the Trust Agreement as defined above (as amended, supplemented, restated or otherwise modified from time to time, the **"Trust Agreement"**). As used in this Notice, capitalized terms defined in the Trust Agreement that are not otherwise defined herein shall have the meanings given them in the Trust Agreement.

This is a Notice of Incentive Award Disbursement, as defined in the Trust Agreement.

Lead Class Counsel hereby directs the Trustee to remit to Lead Class Counsel, who in turn shall remit the funds to the Class Representatives, immediately available funds directed as set forth below, the amount of incentive awards awarded by the Court, $_____.

Lead Class Counsel certifies that (i) the Settlement Effective Date, as defined in the Settlement Agreement, or Court Order has occurred, (ii) this notice correctly states the amount the Court's judgment awarded for incentive awards, which was entered on October 15, 2014; and (iii) the time to appeal or seek permission to appeal from the Court's order approving the attorneys' fees and expenses has expired, or if appealed, the Court's order approving the attorneys' fees and expenses has been affirmed in its entirety by the court of last resort to which such appeal has been taken and all appeals have been exhausted.

The Trust Property and such other property should be remitted as follows:

_____

ABA          Routing          Number: _____
_____ Account
Name: _____
Account Number: _____
Ref: _____

Very truly yours,


_____
By _____
Name: _____
Title: _____

<u>EXHIBIT C-7</u>

**NOTICE OF *CY PRES* DISBURSEMENT**

UMB Bank, National Association

_____

_____

**Notice of *Cy Pres* Disbursement under Trust Agreement dated_____, 2016 among Quantum Legal LLC ("Lead Class Counsel"), Epiq Class Action & Claims Solutions, Inc. and UMB BANK, N.A., as Trustee**

Reference is made to the Trust Agreement as defined above (as amended, supplemented, restated or otherwise modified from time to time, the **"Trust Agreement"**). As used in this Notice, capitalized terms defined in the Trust Agreement that are not otherwise defined herein shall have the meanings given them in the Trust Agreement.

This is a Notice of *Cy Pres* Disbursement, as defined in the Trust Agreement.
Lead Class Counsel hereby directs the Trustee to remit the amount so ordered by the Court, to_____, the *cy pres* fund chosen by the Court in the amount of $__ in immediately available funds directed as set forth below.

Lead Class Counsel certifies that (i) this Notice is consistent with a Court order directing that money be deposited into the *cy pres* fund; and (ii) the time to appeal or seek permission to appeal from the Court's order approving the *cy pres* fund has expired, or if appealed, the Court's order approving the *cy pres* fund has been affirmed in its entirety by the court of last resort to which such appeal has been taken and all appeals have been exhausted.

The Trust Property and such other property should be remitted as follows:

_____

ABA          Routing          Number: _____

_____ Account

Name: _____

Account Number: _____

Ref: _____

                              Very truly yours,

                              _____

                              By _____
                              Name: _____
                              Title: _____

22

<u>EXHIBIT C-8</u>

**NOTICE OF DEPOSIT INTO SEPARATE FUND**

UMB Bank, National Association

_____

_____

**Notice of Deposit Into Separate Fund under Trust Agreement dated_____,___, 2016 among Quantum Legal LLC ("Lead Class Counsel"), Epiq Class Action & Claims Solutions, Inc. ("Administrator") and UMB BANK, N.A., as Trustee**

Reference is made to the Trust Agreement as defined above (as amended, supplemented, restated or otherwise modified from time to time, the **"Trust Agreement"**). As used in this Notice, capitalized terms defined in the Trust Agreement that are not otherwise defined herein shall have the meanings given them in the Trust Agreement.

This is a Notice of Deposit Into Separate Fund, as defined in the Trust Agreement. Administrator hereby certifies that a state, territory, district, or U.S. jurisdiction has asserted a claim against Western Union relating to the funds in the Class Settlement Fund. Those funds shall be deposited into a separate fund established by the Administrator for indemnification of Western Union under paragraph 32 of the Final Approval Order.

Administrator hereby directs the Trustee to remit those funds in the amount of $_____in immediately available funds directed as set forth below.

The Trust Property and such other property should be remitted as follows:

_____

ABA          Routing          Number: _____

_____ Account

Name: _____

Account Number: _____

Ref: _____

Very truly yours,

_____

By _____

Name: _____

Title: _____

23

<u>EXHIBIT D</u>

**TRUSTEE ON-BALANCE SHEET INVESTMENT**

Class Funds shall be invested in the UMB Money Market Deposit Account (sweep #105), a UMB money market deposit account.  The UMB Money Market Special shall be backed by a collateral pledge that will consist of municipal bonds with a minimum credit rating of AA.