IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-938-JLK (consolidated with 10-cv-765-JLK)

**JAMES P. TENNILLE, ROBERT SMET, ADELAIDA DELEON, and YAMILET RODRIGUEZ,** individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.,**

      Defendants.

_____

ORDER DENYING OBJECTOR PAUL DORSEY'S
MOTION (Doc. 430) TO INTERVENE
_____

KANE, J.

      Paul Dorsey is one of two putative class members who filed formal objections to the substantive, nationwide settlement negotiated by class counsel in 2013 to remedy and change Western Union's business practice of failing to notify customers when wire transfers went unclaimed. The settlement required Western Union to deposit all unclaimed funds in its possession into a settlement trust account, after which a claims process would be implemented to distribute them to individual class members.  Nearly three years later, Mr. Dorsey moves for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) so that he may oversee and enforce various aspects of the claims process on behalf of the settling class. Because the plaintiff class is adequately represented in every

regard about which Mr. Dorsey expresses concern, the equities weigh heavily against permitting Mr. Dorsey to intervene at this very late date.  The Motion for Permissive Intervention is DENIED.

Rule 24(b)(1)(B) governing permissive intervention provides that, on timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion to permit a party to intervene, the court must consider whether the intervention sought would unduly delay or prejudice the adjudication of the original parties' rights.  *See Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1074 (10th Cir. 2015).  And while not a required part of the test for permissive intervention, a court's finding that existing parties adequately protect prospective intervenors' interests will support a denial of permissive intervention. *Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 249 (D.N.M.2008). Mr. Dorsey's request fails on both counts.

Mr. Dorsey contends his intervention is necessary to achieve five enumerated objectives which he would pursue by filing a series of motions he attaches as Exhibits A-E to his Motion to Intervene:

1. Ex. A: [Proposed] Motion to Enforce the Amended Final Judgment and Order of Dismissal Requirement Regarding the Filing of Claim Administrator's Invoices;

2. Ex. B: [Proposed] Motion to Require Defendants to Cross-Check In-House Databases Before Disclosing the "Last Known Address" of Class Members to the Claims

2

Administrator;

3. Ex. C: [Proposed] Motion to Reconcile Conflicting Declarations Made by Defendants and Claims Administrator Regarding Class Size;

4. Ex. D: [Proposed] Motion to Require Defendants to Disclose and Declare Level of Compliance with Previous Court Order Regarding "Last Known Address" of Class Members; and

5. Ex. E: [Proposed] Motion to Require Claims Administrator to Disclose Additional Information Regarding Previous Declaration.

As Plaintiffs point out in their objection, none of the issues Mr. Dorsey wishes to raise in these motions are unique to him, and a process for their resolution is already part of the Final Order and claims administration process.  Mr. Dorsey doesn't claim to be adjudicating any rights of his own – he seeks simply to manage the implementation of a Final Order/Settlement (which he disapproved of) on behalf of the Settling Class (which he opted out of).  He asks to participate in and conduct "investigations" into administration of the Class Settlement without providing any reasons why he is qualified to do so or why the existing parties and their counsel are not. The actions of class counsel and the claims administrator have been focused and diligent, and any of the concerns raised by Mr. Dorsey in his proposed motions may be adequately raised and addressed by the existing parties without his imprimatur. Permissive intervention under Rule 24 is not an invitation to meddle in matters that have long been resolved or to point out concerns that may be fully and adequately raised by parties who have participated in this litigation

3

and have been present for its resolution for more than five years. Mr. Dorsey's persistence in inserting himself into the case over time is notable, but it does not, by itself, warrant his formal intervention now.

The Motion to Intervene (Doc. 430) is DENIED.

Dated this 2d day of February, 2016, at Denver, Colorado.

_s/John L. Kane_____
SENIOR U.S. DISTRICT JUDGE